# MORRIS JAMES LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

April 2, 2012

**BY FACSIMILE AND E-FILING**
The Honorable Joel Schneider
United States Magistrate Judge
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

> Re:   *Sciele Pharma, Inc., et al. v. Lupin Ltd.*, et al., C.A. No. 09-037 (RBK) (JS)
>        *Shionogi Pharma, Inc., et al. v. Mylan Inc.*, et al., C.A. No.10-135 (RBK) (JS)

Your Honor:

Pursuant to the Court's December 16, 2011, Amended Scheduling Order (D.I. No. 292), Defendants Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively "Mylan") write to inform the Court of their understanding regarding the status of discovery disputes between Mylan and the Plaintiffs.

**Plaintiffs' Refusal To Designate A Corporate Representative To Testify Regarding The Conception And Reduction To Practice Of The Alleged Inventions Claimed In The Patents In Suit.**

Mylan served Plaintiffs with a notice of deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and identified as a topic, among others, "The conception and reduction to practice of the purported invention(s) of the patents in suit, including, but not limited to, the dates of conception and reduction to practice, the activities (*e.g.*, experiments, meetings, etc.) that resulted in conception and reduction to practice, documentation of such conception and reduction to practice, and the identity of the person(s) involved in such conception and reduction to practice." Plaintiffs responded with boilerplate objections and did not indicate that they intended to designate anyone to testify as to this topic.

During a meet-and-confer teleconference that occurred Thursday, March 29, 2012, Mylan and Plaintiffs discussed this issue. Plaintiff Shionogi Pharma, Inc. ("Shionogi"), indicated that it was unable to designate anyone for this topic because there was no one Shionogi could designate with information regarding the topic. Counsel for Shionogi represented that Shionogi was willing to go on record with this assertion, and, at the request of Shionogi's counsel, we are preparing language for an affidavit that we believe will resolve this issue. Although we believe that the parties are working together in good faith to resolve this issue and will succeed in doing so, Mylan respectfully reserves its right to raise this issue with the Court at the appropriate time should resolution efforts fail.

Unlike Shionogi, the Andrx Plaintiffs indicated at the meet-and-confer that they may be willing to designate one of the inventors to testify on their behalf regarding the topic. Counsel

Morris James LLP

for the Andrx Plaintiffs has subsequently followed up and confirmed that subject to their objections to this topic, Andrx "will designate a witness(es) to testify" regarding this same. Accordingly, Mylan believes this issue is resolved for now, but respectfully reserves its right to raise the issue with the Court at the appropriate time if the Andrx Plaintiffs fail to provide the promised witness.

## Mylan's Responses To Shionogi's Interrogatories 3-9

We understand from our conversation with counsel for Shionogi that Shionogi yet again intends to complain to the Court regarding Mylan's responses to Shionogi's Interrogatory Nos. 3-9. This issue was resolved more than a year ago. Indeed, in a letter to the Court dated January 25, 2011, (ECF No. 95), Shionogi's counsel asserted that "Plaintiffs believe that ***there is no longer a dispute regarding Mylan's responses to Plaintiffs' Interrogatories Nos. 3-9*** . . . based on Mylan's representation that 'it will investigate whether there are other individuals who should be identified as having substantial knowledge, <u>and</u> supplement the subject interrogatories accordingly.'" (D.I. No. 95 at 1-2 (emphasis added); *see also* D.I. No. 92 at 3 (setting forth Mylan's position in response to Shionogi's complaints)).

During the most recent meet-and-confer, Shionogi's counsel stated that Shionogi *again* intends to raise this issue with the Court notwithstanding its previous representation that its complaints had been resolved. Regrettably, during the meet-and-confer Shionogi's counsel was unable to provide any basis for its continued complaint and did not even attempt to suggest that Mylan had not complied with its agreement to further investigate and supplement as required. Notably, Mylan has already identified those individuals having "substantial knowledge" regarding the topics of the subject interrogatories as the persons listed in Mylan's initial and amended Rule 26(a)(1) disclosures. Mylan has been unable to identify additional individuals with "substantial knowledge" and, therefore, has not supplemented its interrogatory responses. As previously agreed, Mylan will supplement its responses in the event it identifies other persons that it believes have "substantial knowledge" regarding the topics of the relevant interrogatories, but believes there are no others beyond those already identified. To the extent that Shionogi expects Mylan to undertake the burden of identifying every person whose name appears on a document arguably related to the interrogatory topics, Shionogi's request should not be well-taken. The burden is no greater for Shionogi to do this than it is for Mylan. Therefore, the burden falls squarely on Shionogi. *See* Fed. R. Civ. P. 33(d).

Notably, Plaintiffs have already identified 20 witnesses they intend to depose (including those identified by Mylan in Mylan's initial and amended Rule 26(a)(1) disclosures), which is the maximum permitted pursuant to an agreement between the parties to limit the number of fact depositions. Therefore, Shionogi would not be permitted to depose additional individuals in any event.

The Court should not be burdened with this issue for a second time. Either Shionogi's original representation was disingenuous or its exhumation of the issue now is in bad faith. Given Shionogi's inability to provide any basis for raising this issue again, the latter is most likely true. In any event, Mylan should be entitled to sanctions against Shionogi for its efforts to address this already settled issue.

Morris James LLP

The Honorable Joel Schneider
April 2, 2012, Page 3

**Depositions of Mylan and Matrix Witnesses**

Just a little over a week ago, Plaintiffs identified witnesses they want to depose, including employees from Mylan and non-party Matrix Laboratories, Ltd., a subsidiary of Mylan Inc. located in India. We are endeavoring to obtain the Mylan witnesses' availability for depositions and, as previously agreed, to ascertain whether the Matrix witnesses are available, able and willing to travel from India to the United States for depositions. We understand Plaintiffs intend to reserve their right to raise a dispute regarding the deposition scheduling/location should one arise and have no objection to their doing so. We believe the parties will be able to resolve any disputes without Court intervention, however.

**Documents Produced By Mylan**

At the recent meet-and-confer, Plaintiffs for the first time indicated concerns that Mylan's document production may be incomplete. We do not believe that is the case but have informed Plaintiffs that we are willing to investigate any perceived shortage of documents provided that Plaintiffs identify specific documents or categories of documents they believe may be missing. We understand Plaintiffs intend to reserve their right to raise a dispute regarding Mylan's document production and have no objection to their doing so. We believe the parties will be able to resolve any disputes without Court intervention, however.

**Launch Notice**

Plaintiffs have requested that Mylan provide them with 60-days notice prior to launching its ANDA product in the event it decides to do so following expiration of the 30-month stay and prior to a dispositive ruling by the Court regarding infringement and/or invalidity. Mylan is taking the request under advisement and will inform Plaintiffs of its decision whether to agree to Plaintiffs' request. We understand Plaintiffs intend to reserve their right to raise a dispute regarding this issue, but we believe the parties will be able to resolve any disputes without Court intervention.

The issues addressed in this letter represent the discovery disputes presently known to Mylan. It may become necessary for Mylan to seek the Court's assistance in resolving future discovery disputes.

We thank the Court for its time and consideration of these matters.

Respectfully,

*/s/ Mary B. Matterer*

Mary B. Matterer (I.D. #2696)

MBM/

cc: All counsel of record via e-filing and email