IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCIELE PHARMA, INC., ANDRX CORPORATION, ANDRX PHARMACEUTICALS, INC. (N/K/A WATSON LABORATORIES, INC.-FLORIDA), ANDRX PHARMACEUTICALS, L.L.C., ANDRX LABORATORIES (NJ), INC., ANDRX EU LTD., AND ANDRX LABS, L.L.C., | ) ) ) ) ) ) ) ) ) | C.A. No. 09-037 (RBK)(JS) CONSOLIDATED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| LUPIN LTD., and LUPIN PHARMACEUTICALS, INC., | ) ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| SHIONOGI PHARMA, INC., ANDRX CORPORATION, ANDRX PHARMACEUTICALS, INC. (N/K/A WATSON LABORATORIES, INC.-FLORIDA), ANDRX PHARMACEUTICALS, L.L.C., ANDRX LABORATORIES (NJ), INC., ANDRX EU LTD., AND ANDRX LABS, L.L.C., | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 10-135 (RBK)(JS) |
| v. | ) ) | |
| MYLAN, INC., and MYLAN PHARMACEUTICALS INC., | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER REGARDING DEFENDANT LUPIN'S NOTICES OF DEPOSITIONS TO SHIONOGI AND ANDRX PURSUANT TO FED. R. CIV. P. 30(b)(6)**

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.      INTRODUCTION .................................................................................................... 1

II.     ARGUMENT ........................................................................................................... 2

        A.      Contention Depositions Are Not Permitted In Delaware ........................... 2

        B.      Contention Depositions Are Prohibited Because They Are Inefficient,
                Unreasonable, and Burdensome ................................................................. 4

        C.      Plaintiffs Have Already Provided Lupin With The Information It Seeks In Its
                30(b)(6) Deposition Topics ........................................................................ 7

III.    CONCLUSION ...................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**                                                                      **PAGE(S)**

*AMP Inc. v. Molex Inc.*,
    185 WL 2284 (N.D. Ill. Aug. 9, 1985) ...................................................................5

*Axiohm IPS v. Epson Am. Inc.*,
    C.A. No. 00-420, transcript (D. Del. Mar. 28, 2001)...........................................2, 3

*Exxon Res. & Eng'g Co. v. United States*,
    44 Fed. Cl. 597 (Fed. Cl. 1999) ..........................................................................6

*Goss Int'l Am. Inc. v. MAN Roland, Inc.*,
    2006 WL 1134930 (D.N.H Apr. 28, 2006)............................................................6

*Int'l Dev. v. Simon Nicholas Richmond & Adventive Ideas*,
    2010 WL 3946714 (D.N.J. Oct. 4, 2010)...............................................................5

*Inventio AG v. Thyssenkrupp Elev. Am. Corp.*,
    C.A. No. 08-874-ER, slip op. (D. Del. July 31, 2009) (Ex. C)................................8

*Kinetic Concepts, Inc. v. Convatec Inc.*,
    268 F.R.D. 255 (M.D.N.C. 2010) .................................................................5, 6, 8

*McCormick-Morgan, Inc. v. Teledyne Indus. Inc.*,
    134 F.R.D. 275 (N.D. Cal. 1991), *overruled on other grounds by*, 765 F. Supp. 611
    (N.D. Cal. 1991)...............................................................................................8

*MedImmune, LLC v. PDL Biopharma, Inc.*,
    2009 WL 5069142 (N.D. Cal. Dec. 17, 2009).........................................5, 6, 7, 10

*Nokia Corp. v. InterDigital Comm'n Corp.*,
    C.A. No. 05-16, slip op. (D. Del. Jan. 15, 2007) (Ex. A) .....................................2, 4

*Nycomed U.S. Inc. v. Glenmark Generics Ltd.*,
    2009 WL 3463912 (E.D.N.Y. Oct. 21, 2009)........................................................7

*Ortho Phar. Corp. v. Smith*,
    1990 WL 10011 (E.D. Pa. Feb. 6, 1990) ..............................................................5

*Pharmacia & Upjohn Co. v. Sicor Inc.*,
    C.A. No. 04-833, transcript (D. Del. Oct. 11, 2005)..............................................9

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    C.A. No. 04-1371, slip op. (D. Del. Oct. 11, 2005) (Ex. D)....................................8

*Reliant Pharmas., Inc. v. Par Pharma., Inc.*,
  C.A. No. 06-774, transcript (D. Del. Mar. 7, 2008)............................................................3, 4

*SmithKline Beecham Corp. v. Apotex Corp.*,
  2004 WL 739959 (E.D. Pa. Mar. 23, 2004).........................................................................5, 6

*SmithKline Beecham Corp v. Apotex Corp.*,
  C.A. No. 98-3952, 2000 WL 116082 (N.D. Ill. Jan. 24, 2000) .................................................7

*Tiegel v. Globe Union*,
  C.A. No. 84-483 (D. Del. Oct. 5, 1984)....................................................................................4

*TV Interactive Data Corp. v. Sony Corp.*,
  2012 WL 1413368 (N.D. Cal. Apr. 23, 2102) ..........................................................................5

**FEDERAL RULES**

Federal Rule of Civil Procedure 26 ..................................................................................................6

Federal Rule of Civil Procedure 30(b)(6) ............................................................................ *passim*

**LOCAL RULES**

D. Del. LR 26.1 – 37.1 ....................................................................................................................3

## I.      INTRODUCTION

The crux of Lupin's opposition (D.I. 428, "Opp. Br.") appears to be that there is no prohibition against contention depositions in Delaware because no published opinion or Local Rule bars that practice.   Yet, Lupin provides no authority of its own where the Court has permitted that practice, nor can it.   By contrast, Plaintiffs have pointed to nearly a dozen instances where the Court has expressly prohibited contention depositions.   Rather than address the substance of these rulings, Lupin simply dismisses these consistent pronouncements, blithely referring to them as "selected transcripts from hearings before select judges – only one of whom is currently sitting."[1]   Opp. Br. at 1.   Lupin claims that the reasoning of these opinions should not be applied beyond the "discrete discovery disputes" at issue in those specific cases (*see id* ), but fails to explain why those cases do not control here.   Lupin also does not address the substantive reasons why the Court has held that 30(b)(6) contention depositions are improper.

At bottom, Lupin does not seek to have Plaintiffs' corporate representatives testify about facts known to them in their everyday business (the purpose of Rule 30(b)(6) depositions).   Instead, Lupin seeks testimony on Plaintiffs' contentions, developed by outside counsel based on, *inter alia*, Defendants' technical and financial information (to which Plaintiffs' corporate representatives do not even have access).   Lupin has obtained (or may obtain) the answers to these same questions through its interrogatories.   And, Lupin will have an opportunity to fully explore those contentions by deposition during expert discovery.   The law in Delaware (and elsewhere) is that requiring Plaintiffs' corporate representatives to testify about Plaintiffs' legal contentions is inefficient and burdensome, and poses reliability issues.   By comparison, the same information can be obtained through alternative means—contention interrogatories and expert

---

[1] Three of the judges cited by Plaintiffs are "currently sitting" – two on the United States Court of Appeals for the Third Circuit (Judges Stapleton and Jordan).

discovery.  Moreover, much of the information Lupin seeks would be protected by either the attorney-client privilege or the work-product doctrine.  Lupin attempts to sidestep these issues by citing to general authorities about the broad scope of discovery, which this Court (and others) have previously rejected.

In any event, Plaintiffs have already provided to Lupin the very discovery it seeks in the form of contention interrogatory responses and Shionogi's extensive infringement and validity contentions and responses.  To the extent Lupin has any issues with the nature or format of these responses, it had the opportunity to raise them with the Court.  Its remedy is not, however, to query corporate representatives with no personal knowledge of the subject matter sought.

For these reasons, Plaintiffs' motion for a protective order should be granted.

## II.    ARGUMENT

### A.    Contention Depositions Are Not Permitted In Delaware

Rather than cite to any Delaware authority showing that contention depositions are proper, Lupin argues that the numerous rulings Plaintiffs cite in their Opening Brief should be ignored because they are not published opinions.  Lupin also attempts to discredit the statements made in those rulings as representing only "the practices of the particular judges quoted therein."  Opp. Br. at 7.  Both arguments lack merit.

The cases cited in Plaintiffs' Opening Brief cannot be dismissed as mere "preferences" of "specific judges" in "specific cases," as Lupin would like.  As Special Master Seitz stated, "[i]t is **the practice in this District** that a lay person is not required to formulate a party's contention as part of deposition questioning.   Instead, pure contention discovery is best confined to interrogatories."  *Nokia Corp. v. InterDigital Comm'n Corp.,* C.A. No. 05-16, slip op. at 16 (D. Del. Jan. 15, 2007) (emphasis added) (Ex. A).  As Judge Robinson succinctly stated: "[w]e don't

do contention depositions in this district." *Axiohm,* Tr. at 4 (D.I. 410, Ex. A).[2] Lupin puts much weight on the fact that this precedent does not appear in a published decision or Local Rule.[3] In so arguing, Lupin ignores the fact that the vast majority of discovery decisions in Delaware are recorded in transcripts because of the Court's practice of resolving discovery disputes on the record without a written opinion.

Indeed, Lupin's very criticism that there is no Local Rule expressly forbidding contention depositions was considered and rejected by the Court in *Reliant.* In that Hatch-Waxman case, the defendant sought the plaintiff's "factual bases" for four topics by 30(b)(6) deposition: (1) infringement, (2) exceptional case, (3) secondary indicia of nonobviousness, and (4) claim construction. *See Reliant,* D.I. 192 at 2, 3 (D. Del. Mar. 3, 2008) (Ex. B). In opposing the plaintiff's motion for a protective order, the defendant argued that the plaintiff failed to cite any Local Rule and relied solely on transcript rulings to support "its extreme position that Rule 30(b)(6) testimony is not the proper method for discovering the factual bases underlying Reliant's claims." *Id.* at 1, 3 n.3; *see also Reliant,* Tr. at 8 (D.I. 410, Ex. B). In granting plaintiff's motion for a protective order, Judge Farnan rejected defendant's arguments:

> I think that Reliant has correctly stated in its papers that ***in this district there is a preference that contention discovery be conducted by interrogatory even when factual information is sought***, and then that information can be further probed in the course of the other available mechanisms for discovery.

Tr. at 20 (emphasis added). *Reliant* controls here. Lupin, like the defendant in *Reliant,* seeks Plaintiffs' contentions (or "factual bases" of those contentions) for infringement, exceptional

---

[2] For purposes of efficiency, Plaintiffs refer to the transcripts attached as exhibits to Plaintiffs' Opening Brief, D.I. 410 ("Pls.' Open. Br.").

[3] Indeed, Lupin goes so far as to append the entirety of the Delaware Local Rules to make its point. Plaintiffs note that a brief review of Local Rules 26.1 to 37.1 demonstrate that few, if any, of the Court's discovery practices are actually addressed by local rule.

case, damages, and claim construction.  Such contention topics are consistently disfavored in Delaware.

This "consistent" practice of judges in this District was summarized by now-Third Circuit Judge Stapleton nearly thirty years ago:

> It has been the **consistent position of this Court** that a lay person shouldn't be required to formulate a party's contention in response to deposition questioning and that not even a lawyer should be required to formulate trial strategy and contentions in immediate response to questions on deposition.  And it has accordingly been the **consistent practice** to require that contention discovery, which is clearly permissible and very constructive in narrowing the issues, but to confine it to interrogatories to a party, period.

*Tiegel,* Tr. at 14 (emphasis added) (D.I. 410, Ex. C).  As *Reliant* and *Nokia* confirm, that is still the practice today.

### B.   Contention Depositions Are Prohibited Because They Are Inefficient, Unreasonable, and Burdensome

Not only has Lupin failed to offer any contrary authority, it also fails even to address the Court's consistent rationale in ruling on this issue.  For instance, Lupin does not address the unfairness cited by Judge Stapleton of requiring a corporate representative or representatives[4] to learn, recall, and recite contentions that have been developed by their attorneys.  Lupin also fails to acknowledge that it is not seeking facts known by the corporations, but is instead seeking testimony about legal contentions as to which they have no personal knowledge.[5]  Further, Lupin does not address how Plaintiffs' corporate representatives would be able to offer testimony on topics such as infringement and damages, as Plaintiffs' positions on those topics are largely based on their attorneys' review of Lupin's confidential information (*e.g.*, Lupin's ANDA),

---

[4] The issue here is not whether there is a single corporate representative, or more than one, as Lupin contends (Opp. Br. at 11), but rather the unfairness of putting any corporate representative in the position of having to recall and recite a party's detailed contentions, at risk of preclusion.
[5] *See* Pls.' Open. Br. at 2-3, 7-8 (describing and citing District of Delaware cases articulating rationale for prohibiting contention depositions in patent cases).

which has been designated as "OUTSIDE COUNSEL'S EYES ONLY."[6]

Instead, Lupin cites to decisions from other courts purportedly for the proposition that courts have "overruled" Plaintiffs' objections that Lupin's 30(b)(6) Notices are "burdensome, unfair, inefficient, duplicative, improperly sought legal conclusions, required access to Lupin's confidential information, invaded privilege, and [are] more appropriate for expert discovery." Opp. Br. at 10-11. The cases Lupin cites, however, stand at best for the unremarkable proposition that Rule 30(b)(6) depositions can be a proper tool to explore the factual information in the possession of a company.[7]

Indeed, Delaware is not unique in holding that Rule 30(b)(6) depositions directed at legal contentions are improper in patent cases. *See, e.g., Kinetic Concepts, Inc. v. Convatec Inc.*, 268 F.R.D. 255, 260-61 (M.D.N.C. 2010) and cases cited therein. Contention depositions are improper in patent cases, because patent cases involve complicated factual predicates that are "quasi-legal," and require "complex judgments about evidence, claims, and principles of intellectual property law." *TV Interactive Data Corp. v. Sony Corp.*, 2012 WL 1413368, at *2-3 (N.D. Cal. Apr. 23, 2102); *see also MedImmune, LLC v. PDL Biopharma, Inc.,* 2009 WL

---

[6] And, as Lupin acknowledges, topics such as damages are properly the subject of expert discovery. Opp. Br. at 19.

[7] The vast majority of cases Lupin cites are not even patent cases. Indeed, Lupin cites only three patent cases—*AMP Inc. v. Molex Inc., Int'l Dev. v. Simon,* and *Ortho Pharm. Corp. v. Smith*—none of which are from Delaware and none of which are on point. For example, in *AMP,* the defendant sought 30(b)(6) testimony regarding the "competitive strategy or other types of meetings attended by [plaintiff]" where defendant's product was discussed, the subject of those meetings, and any materials or handouts that were circulated at those meetings. *AMP,* 1985 WL 2284, at *1 (N.D. Ill. Aug. 9, 1985). *Int'l Dev.* related to the defendants' motion to leave to amend their infringement contentions and did not involve the issue of contention depositions. *See Int'l Dev.,* 2010 WL 3946714, at *1 (D.N.J. Oct. 4, 2010). *Ortho* is also distinguishable because there, the plaintiff did not seek a protective order and had already designated a 30(b)(6) witness to testify. *Ortho,* 1990 WL 10011, at *1 (E.D. Pa. Feb. 6, 1990) (deposition of the witness "shall recommence"). No such designations have been made here. And, as discussed *infra* at 6, the same court in *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959, at *3 (E.D. Pa. Mar. 23, 2004) more recently prohibited contention depositions in a patent case.

5069142, at *2 (N.D. Cal. Dec. 17, 2009); *Goss Int'l Am. Inc. v. MAN Roland, Inc.,* 2006 WL

1134930, at *1 (D.N.H Apr. 28, 2006) ("Counsel . . . was correct in objecting, because claim

construction is a question of law, and legal contentions are not a proper subject for factual

discovery" at a Rule 30(b)(6) witness deposition).  As yet another court stated:  "It would be very

difficult for a non-attorney witness to answer such questions [about the company's legal

position] at a deposition.  A better method would be for [plaintiff] to respond to interrogatories

because then it would be able to receive input from both its attorneys and other persons familiar

with its patents." *SmithKline,* 2004 WL 739959, at *3.

 Contrary to Lupin's assertion, it does not have the unfettered right to the discovery of its

choice.  Indeed, the Federal Rules of Civil Procedure permit the Court to "make any order which

justice requires to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense, including [an order] . . . that the discovery may be had only by a

method of discovery other than that selected by the party seeking discovery."  FED. R. CIV. P.

26(c).  And, in determining whether a contention interrogatory is a more appropriate discovery

vehicle in a patent case, the question is "which [discovery] device would yield most reliably and

in the most cost-effective, least burdensome manner information that is sufficiently complete to

meet the needs of the parties and the court. . . ." *SmithKline,* 2004 WL 739959, at *3 (internal

quotations and citations omitted); *see also Exxon Res. & Eng'g Co. v. United States,* 44 Fed. Cl.

597, 602 (Fed. Cl. 1999) (same); *Kinetic Concepts*, 268 F.R.D. at 260-61, 263.  Here, Plaintiffs

have already provided this information in their interrogatory responses and contentions, and

Lupin will also be able to explore Plaintiffs' contentions on these issues through expert

discovery. *See infra*, § II.C.

 Finally, Lupin's argument that Plaintiffs' privilege concerns can be raised at depositions

is unpersuasive.  Opp. Br. at 11-12.  Here, because Plaintiffs' corporate representatives do not have factual knowledge of the legal contentions, any preparation would necessarily be based on attorney-client privileged communications and attorney work product.  *See*, *e.g.*, *SmithKline Beecham Corp v. Apotex Corp.,* C.A. No. 98-3952, 2000 WL 116082, at *9, 11 (N.D. Ill. Jan. 24, 2000) (factual investigation and testing activities that led to the patentee's conclusion of infringement constitute "topics [that] implicate[] privileged areas" ); *Nycomed U.S. Inc. v. Glenmark Generics Ltd.,* 2009 WL 3463912, at *1 (E.D.N.Y. Oct. 21, 2009) (defendant's 30(b)(6) deposition topic "seek[ing] testimony concerning [plaintiff's] testing of [defendant's] proposed product" was directed at protected work product).  It would be wasteful and inefficient for Plaintiffs to prepare witnesses on topics that will be immediately and legitimately objected to at deposition.

For all of these reasons, the District of Delaware, like other courts, has prohibited Rule 30(b)(6) contention depositions—especially in patent cases like this one.  *MedImmune,* 2009 WL 5069142, at *2 ("[P]atent cases often involve 'quasi-legal' arguments that involve not only facts, but principles of law" that are inappropriate topics for non-expert witnesses).

### C.   Plaintiffs Have Already Provided Lupin With The Information It Seeks In Its 30(b)(6) Deposition Topics

Lupin concedes that Plaintiffs have provided the very discovery it seeks in their responses to written discovery, including their infringement and invalidity contentions.  Opp. Br. at 3.  Lupin further acknowledges that Plaintiffs agreed to produce "documents reflecting the facts [and] bases responsive to respective interrogatories" (*id.* at 3) in response to Lupin's contention interrogatories.  *See* D.I. 429 (Brauerman Decl.), Ex. 1, at Interrog. No. 3 (asking for "bases for contention" that the '866 Patent is not invalid) ("Lupin Interrog. No. 3").[8]  It is

---

[8] Lupin appears to misunderstand Plaintiffs' reference to the New Jersey Local Patent Rules.

7

precisely *because* Plaintiffs have answered contention interrogatories seeking the same information and are producing responsive documents to Lupin's contention interrogatories that Lupin's corresponding 30(b)(6) contention deposition topics are duplicative, inefficient, and burdensome.[9]  *See McCormick-Morgan, Inc. v. Teledyne Indus. Inc.,* 134 F.R.D. 275, 286 (N.D. Cal. 1991), *overruled on other grounds by*, 765 F. Supp. 611 (N.D. Cal. 1991) (rejecting defendant's request to seek identical discovery by both 30(b)(6) depositions and contention interrogatories); *Kinetic Concepts,* 268 F.R.D. at 263 ("Nor have Plaintiffs explained why they should proceed by deposition, rather than interrogatory . . . .").  Although Lupin now apparently contends that Plaintiffs' responses to certain interrogatories are "inadequate,"[10] the proper avenue for seeking relief would have been to move to compel in advance of the April 5 hearing, not to seek 30(b)(6) deposition testimony on those topics.  *See, e.g.*, *Inventio AG v. Thyssenkrupp Elev. Am. Corp.,* C.A. No. 08-874-ER, slip op. at 6 (D. Del. July 31, 2009) (granting motion to compel plaintiff to respond to claim construction interrogatory) (Ex. C); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371, slip op. at 5 (D. Del. Oct. 11, 2005) (granting motion to compel supplemental interrogatory responses) (Ex. D); D.I. 292, ¶ 8 (all discovery issues not raised by letter prior to the April 5 conference were "deemed waived").  But, as described below, Plaintiffs' responses are more than adequate.

---

Plaintiffs merely point to the fact that, pursuant to the Local Rules adopted in this case, the parties have been exchanging their infringement and invalidity contentions on a designated schedule as required by the Rules.  Nowhere did Plaintiffs argue that the New Jersey Local Rules "obviate the need for fact discovery," as Lupin contends.  *See* Opp. Br. at 16.

[9] Lupin also mischaracterizes Plaintiffs' interrogatory responses.  Contrary to Lupin's claim, nowhere did Plaintiffs state that information sought through contention interrogatories "is more properly addressed through other forms of discovery, including . . . deposition testimony" (Opp. Br. at 3).  *Compare* Response to Interrog. No. 3 (contention interrogatory) *with* Response to Interrog. No. 6 (interrogatory regarding "accuracy" of statement made before PTO).

[10] *See* Opp. Br. at 13 (complaints about inadequacy of Plaintiffs' response to Lupin Interrog. No. 2).

<u>Infringement and Invalidity Contentions:</u>  Shionogi Topics 5, 6, 7, 8, and 9 and Andrx Topics 6, 7, 8, 9, and 10 are all directed at Plaintiffs' invalidity or infringement contentions.  As noted above, Lupin does not dispute that Plaintiffs have provided extensive written contentions on these topics.[11]  The information Lupin seeks in its contention topics is wholly duplicative of that set forth in Plaintiffs' infringement contentions.  Nowhere in its opposition does Lupin explain why the detailed claim charts provided in Plaintiffs' February 29, 2012 Supplemental Infringement Contentions is not entirely duplicative of Shionogi Topics 5, 6, 9 and Andrx Topics 6, 7, 10.  *See* Pls.' Supp. Infringement Contentions Against the Lupin Defendants, Ex. A (Ying Decl., Ex. 1).[12]  Nor does it explain how Plaintiffs' corporate representatives could provide testimony when they are barred from access to Lupin's confidential information.  Again, Lupin's only response is that it seeks the "factual bases" underlying those contentions.  *See* Opp. Br. at 13-15.  But, as previously explained, couching contentions as "factual bases" do not make them proper.  *See Pharmacia*, Tr. at 36 (D.I. 410, Ex. K).  Further, in their invalidity contentions, Plaintiffs addressed the prior art references identified in Shionogi Topic 7 and Andrx Topic 8.  *See* Plaintiffs' Response to Lupin's Amended Invalidity Contentions (Mar. 20, 2012) (Ying Decl., Ex. 2) (addressing the Timmins, Cheng, Firth, and Abdallah references).

<u>Damages:</u>  Lupin wholly ignores Plaintiffs' point that it would be nonsensical to have Plaintiffs' corporate representatives testify about Plaintiffs' damages contentions when such contentions would undoubtedly be based on Lupin's own financial information, to which

---

[11] Lupin separately raises Shionogi Topic 4/Andrx Topic 5, which seek Plaintiffs' contentions concerning "[t]he purpose, function, shape, and dimensions, including, without limitation, the diameter and depth of the indentation in the tablet created by the 'approximately 1 mm pin' disclosed in Examples 1 and 2 of the 859 Patent."  As Plaintiffs have explained, Lupin can ask the inventors about their beliefs when they take their depositions.  Plaintiffs do not have factual knowledge of the topic as to which they could offer a corporate representative to testify.

[12] "Ying Decl." refers to the declaration of Jennifer Ying, filed concurrently herewith.

Plaintiffs' representatives do not have access under the protective order entered in this case (D.I. 79) (if and when Lupin produces such information). Lupin also admits that damages contentions are properly a "subject of expert testimony." Opp. Br. at 19. And, Lupin has yet to propound to Plaintiffs a damages interrogatory commensurate in scope with Shionogi Topic 13 and Andrx Topic 15. Once again, Lupin's only response is that it seeks the "factual bases" underlying Plaintiffs' damages contentions. Opp. Br. at 19.[13] But, as the Delaware Court has repeatedly held, contention depositions, even when couched in terms of the "factual bases," are improper.

Exceptional case:   Like infringement and invalidity, Lupin does not explain how a corporate representative could provide meaningful testimony on this topic. For example, Lupin acknowledges that Plaintiffs' interrogatory responses already provide the bases for Plaintiffs' contentions, but seeks deposition testimony on such matters as Plaintiffs' contentions that Lupin's notice letter did not "sufficiently support Lupin's noninfringement argument as to the '859 Patent" and "was inadequate in asserting the invalidity of the '866 Patent." *Id.* at 16-17. Lupin does not, however, explain how such testimony would be within the purview of, or be appropriate for, a corporate representative, given that those topics are "quasi-legal" in nature. *See MedImmune*, 2009 WL 5069142, at *2.

## III.   CONCLUSION

For the reasons stated in Plaintiffs' Opening Brief and herein, Plaintiffs respectfully request that the Court grant their motion for a protective order and preclude Lupin from seeking: (a) Shionogi's testimony concerning Topics 3-9, 13, and 18 of the Shionogi 30(b)(6) Notice, and (b) Andrx's testimony concerning Topics 4-10 and 13-15 of the Andrx 30(b)(6) Notice.

---

[13] Lupin notes that a Shionogi witness has offered a declaration about the market for Fortamet®. That is not the issue here, however. Lupin has not proffered a topic seeking factual information about Plaintiffs' beliefs about the market for Fortamet®. Rather, it has sought Plaintiffs' contentions about the damages it will seek in this action, a topic which will be addressed by experts.

RICHARDS, LAYTON & FINGER P.A.

*/s/ Jason J. Rawnsley*

_____
Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Jason J. Rawnsley (#5379)
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
cottrell@rlf.com
fineman@rlf.com
rawnsley@rlf.com

*Attorneys for Plaintiffs Andrx Corporation,
Andrx Pharmaceuticals, Inc. (n/k/a Watson
Laboratories, Inc. – Florida), Andrx
Pharmaceuticals, L.L.C., Andrx Laboratories
(NJ), Inc., and Andrx EU, Ltd., and Andrx Labs,
L.L.C.*

OF COUNSEL:

Gary E. Hood
POLSINELLI SHUGHART PC
161 North Clark Street, Suite 4200
Chicago, IL  60601-3316
(312) 873-3653

Graham L. Day
Robyn H. Ast
POLSINELLI SHUGHART PC
100 South Fourth Street, Suite 1000
St. Louis, MO  63102
(314) 622-6614


May 7, 2012

5906240

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jennifer Ying*

_____
Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for Plaintiff Sciele*

 OF COUNSEL:

David A. Manspeizer
David B. Bassett
Peter Shen
Christopher R. Noyes
WILMER CUTLER PICKERING HALE & DORR LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Liza M. Walsh
Rukhsanah Lighari
Patrick J. Murphy, III
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ  07068
(201) 521-1000

11

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 7, 2012, I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following

all registered participants.

I also certify that copies were caused to be served on May 7, 2012, upon the

following in the manner indicated:

Richard D. Kirk, Esquire                                           *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Douglass C. Hochstetler, Esquire                                   *VIA ELECTRONIC MAIL*
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, 26th Floor
Chicago, IL  60606
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Beth D. Jacob, Esquire                                             *VIA ELECTRONIC MAIL*
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY  10178
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Karen A. Confoy, Esquire                                           *VIA ELECTRONIC MAIL*
Erica A. Helms, Esquire
STERNS & WEINROTH PC
50 West State Street, Suite 1400
Trenton, NJ  08607
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Richard Herrmann, Esquire                          *VIA ELECTRONIC MAIL*
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
*Attorneys for Mylan Inc. and Mylan*
*Pharmaceuticals Inc.*

Timothy H. Kratz, Esquire                          *VIA ELECTRONIC MAIL*
Robert L. Florence, Esquire
George J. Barry III, Esquire
MCGUIRE WOODS LLP
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA  30309
*Attorneys for Mylan Inc. and Mylan*
*Pharmaceuticals Inc.*

                                              */s/ Jennifer Ying*
                                              _____
                                              Jennifer Ying (#5550)