## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCIELE PHARMA, INC. *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 09-037 (RBK) (JS) |
| | ) | (CONSOLIDATED) |
| LUPIN LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | REDACTED VERSION |
| _____ | ) | |

### LUPIN DEFENDANTS' BRIEF IN OPPOSITION TO
### PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER
### REGARDING LUPIN DEFENDANTS' DEPOSITION NOTICES
### TO PLAINTIFFS PURSUANT TO FED. R. CIV. P. 30(b)(6)

May 1, 2012
Redacted Version Filed: May 29, 2012

OF COUNSEL

Douglass C. Hochstetler
Kelley Drye & Warren LLP
333 West Wacker Drive, 26th Floor
Chicago, IL  60606
(312) 258-2629
dhochstetler@kelleydrye.com

Beth D. Jacob
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178
(212) 808-7624
bjacob@kelleydrye.com

Karen A. Confoy
Erica S. Helms
Sterns & Weinroth
50 W. State Street, Ste. 1400
Trenton, NJ 08607-12

BAYARD P.A.

Richard D. Kirk (rk0922)
Stephen Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Defendants*
*Lupin Ltd. and Lupin Pharmaceuticals, Inc.*

## TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................... 1

FACTUAL BACKGROUND ................................................................................... 2

    A.    The Claims At Issue ................................................................................ 2

    B.    Prior Discovery Proceedings ................................................................... 3

    C.    Lupin's Rule 30(b)(6) Discovery and Plaintiffs' Objections ................. 4

ARGUMENT ........................................................................................................... 6

I.    THE PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE
    DISCOVERY SOUGHT BY LUPIN IS RELEVANT AND APPROPRIATE
    UNDER APPLICABLE RULES AND CONTROLLING AUTHORITY ...... 6

    A.    There Is No Rule In The District Of Delaware Precluding Lupin's Rule
           30(b)(6) Depositions ............................................................................. 6

    B.    Plaintiffs Remaining Objections Should Be Overruled Because Lupin's
           Rule 30(b)(6) Discovery Is Appropriate, Reasonable, And Falls Squarely
           Within The Scope Of Discovery Permitted By Rule 26 ........................ 8

    C.    Lupin's Rule 30(b)(6) Topics In This Case Concern Issues That Are
           Proper Subjects Of Discovery Under The Federal And Local Rules ................. 13

           1.    Deposition topics concerning facts underlying Plaintiffs' argument
                    of patent infringement are proper .......................................... 13

           2.    Lupin's deposition notices concerning the invalidity of the Patents
                    in Suit are proper ................................................................... 15

           3.    Lupin's Deposition Notice Concerning The Factual Basis For
                    Plaintiffs' Claim Of Exceptional Case Is Proper ..................... 16

           4.    Lupin's Deposition Notice Concerning The Plaintiffs' Position On
                    Relevant Market And Damages, And The Bases Therefore Is
                    Proper ..................................................................................... 17

CONCLUSION ....................................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AMP Inc. v. Molex Inc.*,
No. 84 C 2815, 1985 WL 2284 (N.D. Ill. Aug. 9, 1985)...........................................12, 14, 16

*Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*,
No. 90 C 7811, 1993 WL 34678 (S.D.N.Y. Feb. 4, 1993) ......................................................10

*Beazer East, Inc. v. Mead Corp.*,
No. 91-408, 2010 WL 5071762 (W.D. Pa. Dec. 6, 2010) ........................................................11

*Beloit Liquidating Trust v. Century Indem. Co.*,
No. 02 C 50037, 2003 WL 355743 (N.D. Ill. Feb. 13, 2003)....................................................9

*Bracco Diagnostics Inc. v. Amersham Health, Inc.*,
No. 03-6025 (SRC), 2005 WL 6714281 (D.N.J. Nov. 7, 2005)..........................................8, 14

*Ethypharm S.A. France v. Abbott Labs.*,
271 F.R.D. 82 (D. Del. 2010) ....................................................................................................9

*Graham v. John Deere Co. of Kansas City*,
383 U.S. 1 (1966).....................................................................................................................16

*Ierardi v. Lorillard, Inc.*,
No. 90-7049, 1991 WL 158911 (E.D. Pa. Aug. 13, 1991) ..................................................8, 14

*Int'l Dev., LLC v. Simon Nicholas Richmond & Adventive Ideas, LLC*,
No. 09–2495 (GEB), 2010 WL 3946714 (D.N.J. Oct. 4, 2010).......................................11, 15

*Lapenna v. Upjohn Co.*,
110 F.R.D. 15 (E.D Pa. 1986).....................................................................................................9

*Malibu Consulting Corp. v. Funair Corp.*,
No. SA-06-CA-0735 XR, 2007 WL 3995913 (W.D. Tex. Nov. 14, 2007).........................9, 12

*Ortho Pharm. Corp. v. Smith*,
No. 90-0242, 1990 WL 10011 (M.D. Pa. Feb. 6, 1990).........................................................13

*Paul Revere Life Ins. Co. v. Jafari*,
206 F.R.D. 126 (D. Md. 2002)..................................................................................................10

*Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*,
137 F.R.D. 267 (D. Neb. 1989)...........................................................................................10, 12

*Radian Asset Assurance, Inc. v. Coll. of the Christian Bros. of New Mexico*,
   273 F.R.D. 689 (D.N.M. 2011) ..........................................................................................8, 12

*Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*,
   218 F.R.D. 29 (D. Conn. 2003) .........................................................................................11, 13

*Tequila Centinela, S.A. de C.V. v. Bacardi & Co.*,
   242 F.R.D. 1 (D.D.C. 2007) .....................................................................................................11

*United States v. Pepper's Steel & Alloys, Inc.*,
   132 F.R.D. 695 (S.D. Fla. 1990) ..............................................................................................10

*United States v. Taylor*,
   166 F.R.D. 356 (M.D.N.C. 1996) ..............................................................................................9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 30(b)(6) ............................................................................. passim

Federal Rule of Civil Procedure Rule 26 ..........................................................................8, 9, 15

### INTRODUCTION

Plaintiffs contend that there is good cause to preclude Defendants, Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively "Lupin") from taking depositions of Plaintiffs, pursuant to Federal Rule of Civil Procedure 30(b)(6), on topics that Plaintiffs admit are highly relevant to the claims and defenses asserted by the parties in this litigation. Plaintiffs have, however, failed to show anything close to good cause.

Each of the objections raised by the Plaintiffs to what is plainly relevant, even routine, discovery has been rejected by numerous courts as a basis for precluding Rule 30(b)(6) discovery. These opinions establish that Rule 30(b)(6) depositions on a party's positions in litigation, and the factual bases for those positions, are appropriate, not unduly burdensome, not duplicative, not violative of privilege, *per se,* and not inferior to other forms of discovery.

Not surprisingly, Plaintiffs fail to cite a single published opinion in support of their Motion. Moreover, they fail to cite a single rule, or a single published source of authority, local or otherwise, in support of their claim that Lupin's discovery is precluded. Rather, Plaintiffs rely on selected transcripts from hearings before select judges – only one of whom is currently sitting – describing what are at most the preferences of those judges expressed in resolving discrete discovery disputes in specific cases. Contrary to Plaintiffs' claims, these transcripts do not set forth a rule of discovery limitation in the District of Delaware.

Were Plaintiffs' objection to be sustained and Lupin forced to pursue discovery through a method of Plaintiffs' choosing, Plaintiffs would in effect be allowed to dictate to Lupin the manner in which Lupin takes discovery in this case on the core issues of this litigation – infringement, invalidity, damages, and exceptional case. Such a result would be antithetical to the policy underlying the Federal Rules of Civil Procedure ("Federal Rules"), that of broad discovery generally without favoring one form of discovery over another. Because Plaintiffs

have failed to offer a valid objection to Lupin's discovery, their objections should be overruled and Lupin's discovery permitted to proceed.

## FACTUAL BACKGROUND

### A.    THE CLAIMS AT ISSUE

Plaintiffs initiated this action against Lupin alleging that Lupin's generic metformin product, an oral extended release treatment for Type II diabetes, infringes upon two U.S. Patents held by Andrx and licensed to Shionogi.  Those patents are identified as U.S. Patent Number 6,099,859 ("'859 Patent") and U.S. Patent Number 6,866,866 ("'866 Patent").  Plaintiffs also brought suit against Mylan, Inc. and Mylan Pharmaceuticals, Inc. ("Mylan") for infringement of the same two patents.  The actions were consolidated in this Court for pretrial purposes.  Both defendants denied the allegations and counterclaimed for a declaratory judgment that their generic metformin products do not infringe either the '859 Patent or the '866 Patent,  along with U.S. Patent Number 6,495,162 ("'162" Patent) and U.S. Patent Number 6,790,459 ("'459" Patent) (collectively, the "Patents in suit").  Defendants also counterclaimed for a declaration that the Patents in Suit were invalid.

After Lupin launched its generic metformin product in September 2011, Plaintiffs successfully sought from Judge Robert Kugler entry of a preliminary injunction against Lupin on the basis of the '866 Patent.  Lupin appealed this ruling.  On April 18, 2012, the U.S. Court of Appeals for the Federal Circuit heard argument on Lupin's second appeal of the district court's order of injunction.[1]  Less than two hours after the conclusion of the argument before the Federal Circuit on the merits of Lupin's appeal, that court issued an order granting Lupin's motion to

---

[1] The original order of injunction was entered on December 6, 2011 and was appealed on an expedited basis by Lupin.  On February 6, 2012, the Federal Circuit vacated, directing the district court to issue findings of fact and conclusions of law on Lupin's obviousness defense. The district court reinstated the injunction on February 23, 2012.  On February 27, 2012, the Federal Circuit granted Lupin's request for an expedited appeal of that order.

stay the preliminary injunction.  The Federal Circuit's full opinion regarding the preliminary

injunction is yet to issue.

### B.     PRIOR DISCOVERY PROCEEDINGS

Notwithstanding the injunction and interlocutory appellate proceedings, the parties have

engaged in some fact discovery, mostly pertaining to the *Markman* proceedings.  To date, each

party has served requests for the production of documents, interrogatories, fact deposition

notices, and deposition notices brought under Rule 30(b)(6) of the Federal Rules.  Responses and

objections have also been exchanged.  In response to certain of Lupin's interrogatories, Plaintiffs

objected stating that the information sought "is more properly addressed through other forms of

discovery, including . . . deposition testimony."  (Brauerman Decl.[2], Ex. A at Nos. 2, 6; *see id*. at

No. 3 (committing to produce "documents reflecting the facts [and] bases responsive to

interrogatory); *see also* Brauerman Decl., Ex. B at Nos. 3-5 (providing information responsive to

respective interrogatories.)  These same topics are the subject of Lupin's Rule 30(b)(6)

deposition notices to which Plaintiffs are objecting now, contending that interrogatories are the

more appropriate discovery method.

In addition to the service of interrogatories, the parties exchanged infringement and

invalidity contentions pursuant to the New Jersey Local Patent Rules.  The parties also

propounded requests for the production of documents and have produced documents in response

to those requests.  As relevant here, Shionogi produced some of its business plans for the years

2008 and 2010.  (*See* Brauerman Decl., Exs. 3, 17.)  Plaintiffs have also relied on the

declarations of non-experts, such as Deanne Melloy, to buttress their factual arguments related to

---

[2] "Brauerman Decl." refers to the May 1, 2012 Declaration of Stephen Brauerman, Esquire,
submitted in support of this Answering Brief.

damages.   Ms. Melloy's declaration also contains ███████████████████████

████████ ██ ███████   (*See* Brauerman Decl., Ex. 4.)

## C.    LUPIN'S RULE 30(B)(6) DISCOVERY AND PLAINTIFFS' OBJECTIONS

On February 6, 2012, Lupin served Rule 30(b)(6) deposition notices on each plaintiff.

(D.I. 320, 321.)  Plaintiffs objected to every single deposition topic.  In response to topics 3, 5-9,

13, and 18, Shionogi objected citing an oral argument transcript dated October 12, 1984 and

refused to produce any witnesses to testify on  these topics.  (Brauerman Decl., Ex. 5 at Nos. 3,

5-9, 13, 18.)   Shionogi refused to provide a corporate spokesman to testify as to the factual basis

supporting Shionogi's understanding as to:

- the relevant product market for Fortamet® (Topic 3)

- why Lupin's generic metformin product infringes on particular claims of the '859 and the '866 Patents (Topics 5 and 6)

- why the '866, '162, and '459 Patents are not rendered obvious by prior art (Topics 7 and 8)

- whether Lupin's generic metformin product infringed on the patents in suit (Topic 9)

- the damages Shionogi claims to have incurred (Topic 13)

- why the current litigation is an exceptional case (Topic 18).

Similar to Shionogi, Andrx objected and refused to provide a corporate designee to testify

as to Andrx's position and the supporting facts on:

- why Lupin's generic metformin product infringes on particular claims of the '859 and the '866 Patents (Topics 6 and 7)

- why the '866, '162, and the '459 Patents are not rendered obvious by prior art  (Topics 8 and 9)

- why Lupin's generic metformin product infringes on the patents in suit (Topic 10)

- the relevant product market in which Fortamet® competes (Topic 13)

- why the current litigation is an exceptional case (Topic 14)

- the damages Andrx claims to have incurred (Topic 15).

(Brauerman Decl., Ex. 6 at Nos. 6-10, 13-15.)

In addition, Shionogi and Andrx objected to a request for testimony as to the description of one of the examples of the '859 Patent, specifically, "[t]he purpose, function, shape, and dimensions, including, without limitation, the diameter and depth of the indentation in the tablet created by the 'approximately 1 mm pin' disclosed in Examples 1 and 2 of the 859 Patent." (Brauerman Decl., Ex. 5 at No. 4, Ex. 6 at No. 5.)  Both Plaintiffs objected on the basis of vagueness, ambiguity, and that the information sought was not reasonably in their possession.[3] (*Id.*)

The parties exchanged letters and held a meeting on March 27, 2012 for the purpose of conferring over these objections and other discovery disputes in advance of the April 5, 2012 status hearing.  Lupin clarified during this meeting and in its April 2, 2012 letter to this Court that the Rule 30(b)(6) notices sought witnesses to testify as to underlying facts.  (Brauerman Decl., Ex. 7 at 5.)  Nevertheless, Plaintiffs continue to assert that the scope of permissible discovery under Rule 30(b)(6) is restricted in ways other discovery methods are not.  Plaintiffs do not cite to any written opinion of any district court or court of appeals in support of their conclusion.  Instead, Plaintiffs rely on a series of court transcripts, most of which are brief, lack supporting detail, and do not explain why the rule of limitation claimed by Plaintiffs to control in

---

[3] As to Topic 4, Shionogi failed to assert the "contention deposition" in its formal objections to Lupin's Rule 30(b)(6) Notices, during the March 27, 2012 meeting of the parties, in its April 2, 2012 letter to this Court, or in its April 5, 2012 argument.

this case is justified or that cases filed in the District of Delaware should be treated differently from cases filed in other district courts around the country.

## ARGUMENT

### I. THE PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE DISCOVERY SOUGHT BY LUPIN IS RELEVANT AND APPROPRIATE UNDER APPLICABLE RULES AND CONTROLLING AUTHORITY

It is important to note that, for all the objections Plaintiffs raise to Lupin's Rule 30(b)(6) deposition notice, relevance is not one of them.  Indeed, there is no dispute that the discovery sought by Lupin goes to core issues in this case – infringement, invalidity, damages, and exceptional case.  Not only do the Plaintiffs concede relevance, they, for the most part, concede that some form of discovery is warranted on Lupin's Rule 30(b)(6) deposition topics.  Thus, while conceding relevance and discoverability, Plaintiffs nevertheless attempt through their motion for protective order to dictate the manner in which Lupin conducts its discovery.  This is improper under the Federal Rules.

### A. THERE IS NO RULE IN THE DISTRICT OF DELAWARE PRECLUDING LUPIN'S RULE 30(B)(6) DEPOSITIONS

Plaintiffs' principal argument in opposition to Lupin's Rule 30(b)(6) discovery rests on the claim that "contention" depositions are not permitted in Delaware federal courts.  This argument fails for several reasons.  First, the local rules are completely silent on such a prohibition.  Nowhere in the local rules adopted by the U.S. District Court for the District of Delaware is there a rule that precludes discovery as to contentions or the factual bases therefore. A list of the District of Delaware Rules is appended hereto.  (Brauerman Decl., Ex. 9.)

Second, there is no mention of such a limitation on Rule 30(b)(6) discovery in the District's Standing Orders.  There is no such reference in the District of Delaware's Default Standard for Discovery.  There is no mention of restrictions on the subject matter of Rule

30(b)(6) depositions in the Court's Policies and Procedures.  In fact, there is no mention of such a limitation anywhere on the website for the U.S. District Court for the District of Delaware.

Third, Plaintiffs have cited no reported decisions of any Delaware courts purporting to set forth a rule precluding "contention" depositions.  In fact, Plaintiffs have cited no published authority whatsoever, from Delaware or anywhere else, to support their claim that Lupin's Rule 30(b)(6) discovery is improper.

Instead, the "rule" that Plaintiffs would have this Court impose on Lupin is expressed only in the occasional statements of individual judges in cases the facts of which are unknown beyond what is contained in the transcripts.  The transcripts attached to Plaintiffs' motion reflects the statements of a handful of judges (a small minority of those who served on this Court over the past three decades) about discovery disputes in cases over which they were presiding.  In only one of the transcripts cited by Plaintiffs does a particular judge purport to make a statement regarding district-wide practice.  (*See* Brauerman Decl., Ex. 10 at 4:14-15.)  That statement, as it related to the resolution of the particular dispute *sub judice*, was *dicta*.  Thus, these transcripts represent the practices of the particular judges quoted therein.  They cannot be held to speak for all judges in Delaware or control all cases filed there.

The majority of the transcripts attached as evidence of a local rule precluding Rule 30(b)(6) depositions on contentions reflect the comments or rulings of Judge Robinson.  In fact, Judge Robinson's pronouncements on the issue are the only statements by a sitting judge that Plaintiffs offer.  Yet, even Judge Robinson has stated that she never meant to preclude depositions on contentions as a rule, only that in her view they were of little value.  (*See* Brauerman Decl., Ex. 11 at 13:20-21 (Judge Robinson providing "I'm not sure I have ever said

you can't take [contention depositions].").[4]  Plaintiffs' reliance upon these transcripts to create

the appearance of a rule that is uncodified, and in fact, non-existent, is improper.  Plaintiffs

attempt to use such an objection to avoid discovery that other courts have permitted should be

rejected by this Court.[5]

**B.      PLAINTIFFS REMAINING OBJECTIONS SHOULD BE OVERRULED BECAUSE "LUPIN'S RULE 30(B)(6) DISCOVERY IS APPROPRIATE, REASONABLE, AND FALLS SQUARELY WITHIN THE SCOPE OF DISCOVERY PERMITTED BY RULE 26**

The permissible scope of a Rule 30(b)(6) deposition is governed first and foremost by the

scope of discovery generally as set forth in Rule 26(b).  Rule 30(b)(6) does not create exceptions

to or limitations on Rule 26.  *Bracco Diagnostics Inc. v. Amersham Health, Inc.*, No. 03-6025

(SRC), 2005 WL 6714281, at *2 (D.N.J. Nov. 7, 2005).  Here, Plaintiffs concede the propriety of

Lupin's discovery in the form of contention interrogatories, they just do not want to give

representative testimony on the Lupin's topics.  Courts reject such arguments as contrary to the

permissive mandate of the Federal Rules.  *See, e.g., Ierardi v. Lorillard, Inc.*, No. 90-7049, 1991

WL 158911, at *1 (E.D. Pa. Aug. 13, 1991); *Radian Asset Assurance, Inc. v. Coll. of the*

---

[4]  Similarly, the claim that Judge McKelvie's statements evidence a district-wide rule of practice contravening contention depositions is not supported by the transcript.  In *Elf-Atochem N.A., Inc. v. Libbey-Owens-Ford Co.*, Judge McKelvie stated, before opining on contention discovery generally, that "I'm not familiar with Judge Stapleton's decision and the law on the topic of contention depositions[.]"  (*See* Brauerman Decl., Ex. 18 at 34:19-20.)  As of the date of the hearing, Judge McKelvie had been on the Delaware federal bench for three years and practiced in the District for more than twenty.

[5]  Plaintiffs submitted a selection of transcripts, which provide at best a snapshot of the cases described therein.  There is no ability to determine whether subsequently there was a modified ruling or statement to the contrary.  Lupin is unable to determine what these or other Delaware judges may have said or done in other cases with respect to similar deposition notices.  In fact, Lupin requested from counsel complete copies of three incomplete transcripts included as Exhibits G, I, and J to Plaintiffs' Motion.  Lupin received one, but was told that the remaining two transcripts could not be located.  Thus, it is impossible to determine from the exhibits proffered by Plaintiffs whether these statements are uniformly representative of even those cases and judges referenced in the transcripts, let alone others.  For all these reasons, as precedent, these transcripts have limited value, if any, outside the captioned cases.

*Christian Bros. of New Mexico*, 273 F.R.D. 689, 691-92 (D.N.M. 2011) (allowing Rule 30(b)(6)

depositions to seek factual bases to same extent as contention interrogatories).

    The scope of Rule 30(b)(6), like the scope of discovery set forth in Rule 26, has been

held to be quite broad.  For example, it is appropriate under Rule 30(b)(6), to require a deponent

to present the corporation's "position" on the topic at issue.  *See Ethypharm S.A. France v.*

*Abbott Labs.*, 271 F.R.D. 82, 93 (D. Del. 2010) (ordering Rule 30(b)(6) deposition to proceed,

noting that scope of deponent's obligation in responding to a Rule 30(b)(6) notice is no different

from the scope of the obligation to respond to other methods of discovery).  The corporate

designee must not only testify about facts within the corporation's knowledge, but also its

subjective beliefs and opinions.  *Id*.  The corporation must also, if asked, give its interpretation of

documents and events.  *Id.; see also Beloit Liquidating Trust v. Century Indem. Co.,* No. 02 C

50037, 2003 WL 355743, at *3 (N.D. Ill. Feb. 13, 2003) (requiring deponent to testify to both the

facts within the knowledge of the business entity and the entity's opinions and beliefs); *United*

*States  v. Taylor,* 166 F.R.D. 356, 361 (M.D.N.C. 1996); *Lapenna v. Upjohn Co.,* 110 F.R.D. 15,

20 (E.D Pa. 1986) (noting that Rule 30(b)(6) extends not only to facts, but also to subjective

opinions and beliefs).  Thus, positions, views, and opinions are well within the broad scope of

discovery under Rule 30(b)(6).  Contentions, *per se*, are entirely consistent with the foregoing

and within that scope as well.  *See Malibu Consulting Corp. v. Funair Corp*., No. SA-06-CA-

0735 XR, 2007 WL 3995913, at *1 (W.D. Tex. Nov. 14, 2007) (Rules 26 and 30(b)(6) allow for

depositions which notice "information concerning the factual support for allegations found in the

complaint[.]").

    Lupin explained to Plaintiffs at the meeting on March 27, 2012 that Lupin sought

corporate witness testimony regarding the facts underlying Plaintiffs' contentions. Plaintiffs

continued to object, saying this was "a distinction without a difference." (*See* Pls.' Br. at 8.) Whether there is a clear distinction, Rule 30(b)(6) discovery of factual bases for contentions is manifestly appropriate. *See e.g., Paul Revere Life Ins. Co. v. Jafari,* 206 F.R.D. 126, 127 (D. Md. 2002) (holding that plaintiff's contention that it need not prepare its Rule 30(b)(6) witness concerning its factual contentions meritless); *United States v. Pepper's Steel & Alloys, Inc.,* 132 F.R.D. 695, 699 (S.D. Fla. 1990) (permitting a Rule 30(b)(6) deposition on the factual basis of asserted claims and defenses); *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.,* 137 F.R.D. 267, 285 (D. Neb. 1989) (granting a motion to compel Rule 30(b)(6) deponent to answer questions concerning the factual basis of party's allegations in its pleading); *Arkwright Mut. Ins. Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* No. 90 C 7811, 1993 WL 34678, at *3 (S.D.N.Y. Feb. 4, 1993) (finding a party "need not serve contention interrogatories to discover the facts underlying . . . legal contentions" and use of 30(b)(6) for that purpose was "wholly appropriate[.]"). Thus, Lupin's use of Rule 30(b)(6) depositions for the purpose of obtaining the factual bases for Plaintiffs' claims is not a novel or radical concept. It has been approved by numerous courts in a wide range of cases. *See e.g., Protective Nat'l Ins. Co.*, 137 F.R.D. at 283 (finding corporate deponent "must recite the facts upon which [the corporate party] relied to support [its] allegations"). It should be approved here as well.

Aside from objecting on the basis that Lupin's deposition notice violated an unwritten local rule precluding depositions of contentions, Plaintiffs raise in their Motion a raft of other objections in an effort to forestall Lupin's representative discovery. Plaintiffs objected that Lupin's discovery was burdensome, unfair, inefficient, duplicative, improperly sought legal conclusions, required access to Lupin's confidential information, invaded privilege, and was

more appropriate for expert discovery.  These objections have all been overruled by other courts that have considered them in response to Rule 30(b)(6) deposition notices.

Plaintiffs' burdensome and unfairness objections appear to rest on the claim that a single witness would be compelled by this Court to testify to each topic.  (*See, e.g.,* Pls.' Br. at 5 (stating "it would be unfair to require a single witness to" testify).)  Rule 30(b)(6) does not restrict Plaintiffs in such a manner.  *See Beazer East, Inc. v. Mead Corp.*, No. 91-408, 2010 WL 5071762, at *4 (W.D. Pa. Dec. 6, 2010) ("If one designee is unable to answer questions as to all of the topic areas, then it will be [the defendant's] responsibility to produce more than one corporate designee to comply with [plaintiff's] examination requests.").  Thus, whether due to convenience or necessity, Plaintiffs may provide more than one witness to provide full and complete testimony.  *Id.* at *3 (citing *Tequila Centinela, S.A. de C.V. v. Bacardi & Co.,* 242 F.R.D. 1, 5 (D.D.C. 2007)).

Plaintiffs' efficiency and duplication objections are likewise not valid bases for this Court to prohibit deposition discovery of Plaintiffs' corporate designees.  Nothing in the Federal Rules precludes a Rule 30(b)(6) deposition that operates in conjunction with previous discovery.  *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 34 (D. Conn. 2003).  Plaintiffs' arguments concerning this Court's use of the New Jersey Local Patent Rules is also without merit.  The Local Patent Rules are designed "to require parties to crystallize their theories of the case[,]" and do not serve as a substitute for fact discovery under the Federal Rules.  *Int'l Dev., LLC v. Simon Nicholas Richmond & Adventive Ideas, LLC,* No. 09–2495 (GEB), 2010 WL 3946714, at *3 (D.N.J. Oct. 4, 2010).

Plaintiffs' objection based on attorney-client privilege should similarly not present any obstacle to Lupin's Rule 30(b)(6) discovery.  For depositions, the appropriate time to address

concerns regarding attorney-client privilege is during the deposition.  *Radian Asset Assurance, Inc*, 273 F.R.D. at 692 (acknowledging "the 30(b)(6) representative will have counsel present to protect privileged matters").  What's more, a "claim of attorney-client privilege [is] improper" as Lupin is seeking "facts supporting the allegations contained" in Plaintiffs' pleadings.  *Protective Nat'l Ins. Co. of Omaha*, 137 F.R.D. at 279.  Plaintiffs cannot use privilege as a basis to object to the disclosure of facts.  As explained *supra,* Lupin clarified during and after the March 27, 2012 meeting that it is not seeking Rule 30(b)(6) deponents to testify as to legal conclusions, only underlying facts.  Plaintiffs object that Lupin is seeking testimony as to legal conclusions.  Yet, Plaintiffs concede that Lupin's deposition topics would be proper if asserted through contention interrogatories.  Plaintiffs' cannot have it both ways.  *See Malibu Consulting*, 2007 WL 3995913, at *1 (rejecting plaintiff's argument that Rule 30(b)(6) sought legal conclusions, since plaintiff conceded information was discoverable through contention interrogatory).  Any objection based on the ground  of seeking "legal conclusion" must be denied.  *See id.*

Plaintiffs' claim that the subject matter of the Lupin's Rule 30(b)(6) deposition topics is more appropriate for expert discovery is similarly devoid of merit.  Even if this were true, Plaintiffs nevertheless surely possess factual information on the subjects of infringement and validity that should be discoverable through a representative deposition.  *See, e.g.*, *AMP Inc. v. Molex Inc.*,  No. 84 C 2815, 1985 WL 2284, at *1 (N.D. Ill. Aug. 9, 1985) (overruling objection that 30(b)(6) deposition in patent infringement case more suitably obtained from experts noting that "plaintiff's agents and representatives made the decision to file this lawsuit").

Finally, work product is not a proper basis for objection to a Rule 30(b)(6) deposition generally.  A Rule 30(b)(6) deposition which seeks information concerning the factual support for allegations found in the complaint, which would be discoverable through contention

interrogatories, falls outside the protection of the work-product doctrine.  *Sec. Ins. Co. of Hartford*, 218 F.R.D. at 34.  Indeed, a Rule 30(b)(6) deponent can be required to answer factual questions related to patent infringement and invalidity.  *See Ortho Pharm. Corp. v. Smith*, No. 90-0242, 1990 WL 10011, at *1 (M.D. Pa. Feb. 6, 1990) (ordering 30(b)(6) deposition on invalidity contentions, and rejecting plaintiff's objection that contention interrogatory more appropriate).

       **C.**     **LUPIN'S RULE 30(B)(6) TOPICS IN THIS CASE CONCERN ISSUES THAT ARE PROPER SUBJECTS OF DISCOVERY UNDER THE FEDERAL AND LOCAL RULES**

       1.     Deposition topics concerning facts underlying Plaintiffs' argument of patent infringement are proper

*Shionogi Topic Number 4 and Andrx Topic Number 5*

Lupin's request is for a corporate designee from each Plaintiff to explain the purpose, function, shape, and dimension of a description from an example in the '859 Patent, specifically, "[t]he purpose, function, shape, and dimensions, including, without limitation, the diameter and depth of the indentation in the tablet created by the 'approximately 1 mm pin' disclosed in Examples 1 and 2 of the 859 Patent."  To date, Plaintiffs' interrogatory responses have been inadequate.  Through responses to the initial interrogatory and two supplemental responses, the extent of Plaintiffs' responses has been to refer Lupin to the very examples in the '859 Patent and the '162 Patent referenced by Lupin in the interrogatory.  (Brauerman Decl, Ex. 12 at No. 2.)  Plaintiffs took over two months from service of their original responses to Lupin's interrogatories to provide Lupin with this non-answer.

In failing to give any information in response to this interrogatory, Plaintiffs claimed that the subject matter of this interrogatory was "more properly addressed" through deposition testimony.  Now that Lupin has sought this information through deposition testimony, Plaintiffs

object again, arguing that interrogatories are the preferred method. The time has come for Plaintiffs to provide a meaningful response to Lupin's valid discovery requests.

Plaintiffs' argument that this Rule 30(b)(6) deposition cannot proceed because no individuals within either corporate family (comprising both the patent holder and the patent licensee) can speak to this issue is belied by their original position that this was the proper subject of a deposition. In any event, this argument contradicts "[t]he letter and the spirit of the Federal Rules" in creating "an affirmative duty to produce a Fed. R. Civ. P. 30(b)(6) representative who can answer questions . . . that are known or reasonably available to the corporation." *Bracco Diagnostics*, 2005 WL 6714281, at *4. This can include presentation of a former or retired employee. *Ierardi*, 1991 WL 158911, at *2-3.[6]

### *Shionogi Topic Numbers 5, 6 & 9 and Andrx Topic Numbers 6, 7 & 10*

Rule 30(b)(6) notices on these topics requiring Plaintiffs to produce a corporate deponent to identify the infringing claims, explain them, and compare the claims allegedly infringed to Lupin's generic metformin product are proper. *See AMP Inc.*, 1985 WL 2284, at *1 ("Categories 3, 4, and 5 require plaintiff to interpret its own patent by explaining the scope of function, interpretation, and equivalence of the various patent claims . . . [P]laintiff's interpretation of the patent is the basis for this lawsuit, and questions thereon are allowed."). Lupin similarly is seeking representative testimony as to Shionogi's and Andrx's interpretation of the patents in suit and how that relates to Lupin's product. These are factual underpinnings which form the basis of this lawsuit and 30(b)(6) deposition discovery on these topics is permissible. *See id.* (questions concerning factual bases are proper).

---

[6] It should be noted that the two patents upon which Plaintiffs sue identify four inventors. These inventors are still living, and Lupin understands that three of them are represented, at least for purposes of discovery, by Plaintiffs' counsel in this case. In addition, all of the attorneys involved in the prosecution of the patents are living and Plaintiff's counsel appear to be representing at least some of them.

Additionally, Plaintiffs' objections based on application of the New Jersey Local Patent Rules are equally in error.  The drafters of the New Jersey Patent Rules foresaw this litigation tactic and expressly negated it.  The New Jersey Patent Rules provide "it shall not be a ground for objecting to an opposing party's discovery request (e.g., . . . deposition question) . . . that the discovery request . . . conflicts with, these Local Patent Rules[.]"  (D.N.J. L. Pat. R. 2.3.) Further, the goal of the New Jersey Patent Rules is distinct form the Federal Rules governing discovery.  The goal of the former is "to require parties to crystallize their *theories* of the case[,]" whereas the latter is to enable parties to discover facts relevant to the case and those theories. *Int'l Dev., LLC*, 2010 WL 3946714, at *3 (emphasis added).

      2.     Lupin's deposition notices concerning the invalidity of the Patents in Suit are proper

### *Shionogi Topic Numbers 7 & 8 and Andrx Topic Numbers 8 & 9*

In objecting to these topics, Plaintiffs argue that interrogatories are the proper method to discover facts concerning the invalidity of the patents in suit.  (Pls.' Br. at 14.)  Plaintiffs cite to interrogatories numbers 3, 4, and 5 (*id.* at 13) and attached those interrogatories as an exhibit to their Motion.  Plaintiffs did not provide, however, their objections and responses.

When Lupin propounded interrogatories, Plaintiffs at first refused to provide any substantive information and subsequently, after motion practice, provided only limited responses.  (Brauerman Decl., Ex. 1 at Nos. 4, 5; Ex. 2 at Nos. 4, 5.)  The response to interrogatory number 3 contains a representation that Plaintiffs will produce "facts, bases, and documents" pursuant to the Federal Rules.  (Brauerman Decl., Ex. 1 at No. 3).  Plaintiffs also gave identical responses to interrogatories 4 and 5.  (*Id.* at Nos. 4 and 5.)  In addition, they have not supplemented their answers in accordance with Rule 26(e).  Thus, while Plaintiffs now claim

interrogatories are better than depositions to obtain "facts, bases, and documents," that was not the case here.

Shionogi's inconsistency is further demonstrated in its appellate brief.  Before the Federal Circuit, regarding Lupin's invalidity argument, Shionogi argued that the "correct disposition is to remand for trial, so that Shionogi's fact and expert witnesses can further rebut Lupin's assertions" regarding the prior art.  (Brauerman Decl., Ex. 15 at 39.)  The concession is significant.  Whether the prior art rendered any of the patent claims obvious is a matter appropriately the subject of fact testimony.  An analysis of the obviousness of the patents in suit will require a factual inquiry into the differences between the prior art and the patents in suit. *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 17 (1966) (identifying this element as among "several basic factual inquiries").  This testimony concerning Plaintiffs' patents from Shionogi as the licensee and Andrx as the patent holder is the proper subject of Rule 30(b)(6) depositions.  *See AMP Inc.*, 1985 WL 2284, at *1.

Plaintiffs' argument that the New Jersey Patent Rules obviate the need for fact discovery under the Federal Rules on these topics is meritless for the same reasons articulated *supra*.

> 3.     Lupin's Deposition Notice Concerning The Factual Basis For Plaintiffs' Claim Of Exceptional Case Is Proper

### *Shionogi Topic Number 18 and Andrx Topic Number 14*

Lupin propounded an interrogatory seeking "the bases of Plaintiffs' contention that [the current litigation] is an 'exceptional case.'"  (Brauerman Decl., Ex. 12 at No. 1.)  Plaintiffs responded to this interrogatory identifying the following issues: ████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████ 4) the prior art considered by the Patent and

Trademark Office in the prosecution history of the '866 Patent; 5) the costs incurred by

Plaintiffs' due to "wasteful and burdensome" litigation procedures; and 6) Plaintiffs' statements

that Lupin inadequately supported its noninfringement argument with respect to the '859 Patent.

Lupin's Rule 30(b)(6) deposition should be allowed to explore at a minimum the topics

identified in Plaintiffs' interrogatory response.  A number of more specific questions can be

directed at Plaintiffs representative regarding all these topics.  By way of example only, and most

obviously, Plaintiffs' representatives could be asked about how ██████████████

████████████████████████████████████████████████

██████████████████████████ what litigation tactics were

"wasteful," and what they cost Plaintiffs.  This is exactly the type of deposition follow up that

Rule 30(b)(6) contemplates.

        4.      Lupin's   Deposition   Notice   Concerning   The   Plaintiffs'   Position   On
             Relevant Market And Damages, And The Bases Therefore Is Proper

***Shionogi Topic Number 3 and Andrx Topic Number 13***

A Rule 30(b)(6) deponent is appropriate to provide testimony as to how Plaintiffs

defined the market for Fortamet®.  Lupin is not seeking a corporate deponent to provide a legal

conclusion; rather, Lupin is seeking discovery on how Plaintiffs viewed the market for Fortamet®

in terms of its business operations (e.g., marketing and sales).  The factual record in this case is

replete with statements about the market that Lupin should be permitted to explore in a Rule

30(b)(6) deposition.  For example, the declaration of Deanne Melloy, submitted in support of

Shionogi's motion for preliminary injunction, ███████████████████████████

███████████████.  (Brauerman Decl., Ex. 4 at ¶ 11.)  At the same time, ███████████

████████████████████████████████████ (Brauerman Decl., Ex. 3, at

SHIO_0013293.)

Corporate testimony can flesh out the Plaintiffs' views ████████████████

██████ █ ████████████████. For instance, fact questions can be asked of a non-expert

deponent regarding ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████ These questions, and others, are fact-based inquiries for which Plaintiffs should

produce a corporate witness.

### *Shionogi Topic Number 13 & Andrx Topic Number 15*

Regarding damages, in prior court filings ████████████████████

██████████████████████████████████████

██████████████████████ (Brauerman Decl., Ex. 13 at 22-28). ████████

████████████████████████████████. (*Id*. at 26-28).

In asserting ████████████ in its Motion for Preliminary Injunction, Shionogi relied on

████████████████████████████ ████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████ are factual statements made by Shionogi's parent

company in its 2011 annual report.  In reviewing the 2010 fiscal year, the report highlighted "the

need . . . to restructure our US operations" and noted disappointing sales results from plaintiff

Shionogi Inc.  (Brauerman Decl., Ex. 14 at 4, 7.)[7] ██████████████████████████

---

[7] These inconsistencies were pointed out by Lupin's counsel at the April 5th status conference whereupon the Court indicated that the subjects in the Shionogi Annual Report may be appropriate topics for a Rule 30(b)(6) deposition.  (*See* Brauerman Decl., Ex. 8 at 32:17-33:25.)

██████████████████████████████████████████████████████████

███████████████████████████████

A representative deposition of the Plaintiffs is useful to discover their position on the sources of their losses, the magnitude of those losses, and the reasons they believe those losses are caused by generic competition from Lupin, as opposed to some other cause.  While this may be the subject of expert testimony, there is clearly fact testimony that will have a bearing on the subject of Plaintiffs' damages ███████████████████████████████████████████████ These factual bases are ripe and the proper focus of a Rule 30(b)(6) deposition.

## CONCLUSION

As even Plaintiffs agree that Lupin's Rule 30(b)(6) notices seek discoverable information, Lupin requests that this Court (1) deny Plaintiffs' Motion for a Protective Order; (2) compel Plaintiffs' to provide corporate representatives to testify as to the topics identified in Lupin's Rule 30(b)(6) Deposition Notices to Plaintiffs.

May 1, 2012

 Redacted Version Filed May 29, 2012

OF COUNSEL

Douglass C. Hochstetler
Kelley Drye & Warren LLP
333 West Wacker Drive, 26th Floor
Chicago, IL  60606
(312) 258-2629
dhochstetler@kelleydrye.com

Beth D. Jacob
Kelley Drye & Warren LLP
101 Park Avenue
New York, NY  10178
(212) 808-7624
bjacob@kelleydrye.com

Karen A. Confoy
Erica S. Helms
Sterns & Weinroth
50 W. State Street, Ste. 1400
Trenton, NJ 08607-1298

BAYARD P.A.


/s/ Stephen B. Brauerman
Richard D. Kirk (rk0922)
Stephen Brauerman (sb4952)
Vanessa R. Tiradentes (vt5398)
222 Delaware Avenue, 9th Floor
P.O. Box 25130
Wilmington, DE  19899-5130
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com
vtiradentes@bayardlaw.com

*Attorneys for Defendants*
*Lupin Ltd. and Lupin Pharmaceuticals, Inc.*