# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

Karen Jacobs Louden
(302) 351-9227
(302) 425-4681 FAX
klouden@mnat.com

May 31, 2012

**BY E-FILING AND FAX**

The Honorable Joel Schneider
United States District Court
  for the District of New Jersey
Mitchell H. Cohen Building
4th & Cooper Streets, Room 1050
Camden, NJ  08101

>     Re:     *Sciele Pharma, Inc. v. Lupin Ltd.*, *et al.*, C.A. No. 09-037 (RBK) (JS)
>             *Shionogi Pharma, Inc. v. Mylan Inc., et al.,* C.A. No. 10-135 (RBK) (JS)
>             **(Consolidated)**

Dear Judge Schneider:

  Lupin's letter of yesterday illustrates precisely why the parties need a follow-up conference with the Court.  Lupin essentially acts as if the May 11 hearing -- during which this Court *denied* Lupin's motion for a protective order -- never occurred.

  Despite the presence of a standing protective order in this case and this Court's specific order to the contrary, Lupin continues to maintain its blanket refusal to produce any documents otherwise responsive to Shionogi's requests if Lupin unilaterally deems them "sensitive," and unless Lupin agrees that the documents sought are relevant to Shionogi's damages theories.  In other words, Lupin is purporting to dictate which documents are or are not relevant to Shionogi's damages case.  That is not how discovery works.

  Shionogi has already reasonably narrowed its document requests, in particular stating its willingness to accept charts summarizing or documents "sufficient to show" the requested information for its document requests 33, 34, 41-44, 53, and 79.  As to the other disputed requests or parts of requests, Lupin's flat refusal to produce any responsive documents

The Honorable Joel Schneider
May 31, 2012
Page 2

has made any attempted narrowing impossible. But there can be no meaningful meet and confer process when Lupin's unaltered starting position is that it is somehow uniquely exempt from producing relevant documents it thinks are "sensitive" or it unilaterally deems irrelevant or unnecessary.

Shionogi requested a conference with the Court so that the Court can provide necessary direction and guidance to the parties concerning Lupin's blanket refusal to produce relevant documents based on confidentiality, and its ongoing failure to produce documents it told the Court on May 11th it was ready to produce. Given Lupin's unwavering position, Lupin's suggestion that the parties hold yet another meet and confer, during which Lupin can simply repeat its same position again, seems futile. Accordingly, Shionogi reiterates its request for a telephonic hearing at the earliest convenience of the Court so that the meet and confer process can proceed in a meaningful way.

> Respectfully,
>
> */s/ Karen Jacobs Louden*
>
> Karen Jacobs Louden (#2881)

KJL/pab

cc:   Clerk of the Court (by e-filing)
      All Counsel of Record (by e-mail)

5953476.1