# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**JOEL SCHNEIDER**<br>**UNITED STATES MAGISTRATE JUDGE** | MITCHELL H. COHEN COURTHOUSE<br>1 John F. Gerry Plaza, Room 2060<br>CAMDEN, NJ 08101-0887<br>(856) 757-5446 |

**LETTER ORDER**
**ELECTRONICALLY FILED**
May 31, 2012

Jack B. Blumenfeld, Esquire
Karen Jacobs Louden, Esquire
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Richard D. Kirk, Esquire
Stephen B. Brauerman, Esquire
Bayard, P.A.
222 Delaware Avenue,
Suite 900
P.O. Box 25130
Wilmington, DE 1989

Frederick L. Cottrell, III, Esquire
Steven Fineman, Esquire
Richards, Layton & Finger, PA
One Rodney Square
920 N. King Street
Wilmington, DE 19801

Mary Matterer, Esquire
Morris James LLP
500 Delaware Avenue,
Suite 1500
P.O. Box 2306
Wilmington, DE 19899-2306

**Re:  Sciele Pharma, Inc., et al. v. Lupin, LTD, et al.**
**Civil No. 09-37 (RBK/JS)**
**Shionogi Pharma Inc. et al v. Mylan Inc. et al.**
**Civil No. 10-135 (RBK/JS)**

Dear Counsel:

This letter responds to Ms. Louden's May 30 and 31, 2012 letters. The request for a conference call is DENIED as unnecessary. The Court has nothing to add to what is set forth in the May 11, 2012 transcript. The Court already denied Lupin's request to bar discovery of all of the requested damage information on the ground that the information is sensitive and confidential. Nevertheless, the Court did not order Lupin to produce all of the requested information. The parties were directed to meet and confer regarding the specific document requests at issue because those issues were not addressed in the parties' briefs.

As the transcript and May 11, 2012 Order [D.I. No. 444] reflect, the Court did not address the motion to quash the third-party subpoenas. It is self-evident that if the same discoverable information is possessed by Lupin and third-parties, Lupin should produce the discovery.

May 31, 2012
Page 2

    As set forth in Mr. Bassett's May 16, 2012 e-mail, and Mr. Brauerman's May 30, 2012 letter, before June 15, 2012, the parties should meet and confer in-person or by phone (and not via e-mail or letters) to attempt to resolve their discovery dispute without intervention of the Court. The parties should address the specifics of the discovery requests directed to Lupin and third-parties. The Court has already indicated that not all of the information plaintiff requests should be produced. However, it is just as clear that Lupin must produce some of the requested information.

    To the extent not yet done, Lupin shall promptly produce the documents it agreed to produce.

                                  Very truly yours,

                                  *s/ Joel Schneider*
                                  JOEL SCHNEIDER
                                  United States Magistrate Judge

JS:jk
cc: Hon. Robert B. Kugler