

**RICHARDS LAYTON & FINGER**

Attorneys at Law

Steven J. Fineman
302-651-7592
Fineman@rlf.com

June 29, 2012

**VIA CM/ECF**

The Honorable Joel Schneider
U.S. District Court for the District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

    Re: *Sciele Pharma Inc. v. Lupin Ltd.*, C.A. No. 09-037-RBK-JS (D. Del.)

Dear Judge Schneider:

  Pursuant to the parties' stipulation of June 14, 2012 (D.I. 472), I write on behalf of the Andrx plaintiffs to identify an outstanding discovery dispute in this matter to be discussed at the upcoming status conference on July 13, 2012.

  On June 5, 2012, during a meet and confer discussing the continuing dispute as to the scope of Lupin's document production regarding sales since its product launch in September of 2011, Lupin stated its position that it was prepared to produce top level or general summary sales data at any time, but that it would only release customer specific data to Shionogi counsel and only if Shionogi counsel agreed to not release such data to Andrx counsel. When asked to explain this peculiar arrangement in light of the two-tier protective order in place in this case (the highest tier of which permits restriction of access to outside counsel only), Lupin counsel stated only that the information was too sensitive to be released to Andrx counsel due to the supposed risk of inadvertent disclosure of the information by Andrx counsel to Andrx, a competitor in the generic Fortamet market. Lupin further clarified this position in an email on June 7, 2012, stating that the risk of production to Andrx counsel was too great because "the harm to Lupin if the information falls in the hands of its generic competitor [*i.e.* Andrx] is greater than if it is disclosed to its brand competitor." *See* Ex. A.

  Andrx responded in writing to this proposal on June 7, 2012, requesting justification for Lupin's proposal and an explanation of why the protections afforded under the protective order would not adequately address Lupin's concerns. *See* Ex. B. Andrx requested that Lupin provide specific reasons or justification for why there is an increased risk from production of the customer specific documents to Andrx counsel. Lupin's only response was a June 8, 2012 email indicating that "[d]espite trustworthy counsel and protective orders, the risk of highly confidential information being inadvertently discloses exists." *See* Ex. C. Andrx requested a meet-and-confer on Thursday, June 28th, to further discuss this issue and Lupin's position, but Lupin did not respond to the request.

■ ■ ■

The Honorable Joel Schneider
June 29, 2012
Page 2

       In sharp contrast to Lupin's unreasonable and unjustified position, Andrx has agreed to produce summary and customer specific sales information related to sales of its authorized generic product, without placing any additional restriction as to which counsel may receive the information. Andrx acknowledges the protections afforded by the two-tier protective order in this matter, intended to protect even this highly confidential information, and expects all counsel to honor and abide the provisions of the order.

       Aside from failing to justify its position and the suggestion inherent in Lupin's proposal that Andrx counsel may not abide the terms of this Court's orders, Lupin's proposal is unreasonable and would make the continued management of this case nearly impossible. Any time information related to Lupin's sales is mentioned in deposition, court, or even conference between counsel, Andrx counsel would have to be excluded. As such, Andrx would be deprived of a meaningful opportunity to participate in this case, without any legitimate reason.

       Without specifically requesting it, Lupin is in effect seeking a special exception to this Court's protective order. It has failed to justify its strained and unworkable proposal. Andrx asks that the Court require Lupin to provide to it the same documents that it has agreed to provide to Shionogi counsel.

                                        Respectfully,

                                        */s/ Steven J. Fineman*

                                        Steven J. Fineman (#4025)

SXF:jjr
Attachments
cc:    All counsel of record (via CM/ECF)

RLF1 6206901v. 1