# Morris James LLP

Mary B. Matterer
302.888.6960
mmatterer@morrisjames.com

August 3, 2012

**BY FACSIMILE AND E-FILING**
The Honorable Joel Schneider
United States Magistrate Judge
District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101



PUBLIC - REDACTED VERSION
August 9, 2012

Re: *Sciele Pharma, Inc., et al. v. Lupin Ltd., et al.*,
C.A. No. 09-037 (RBK) (JS)

*Shionogi Pharma, Inc., et al. v. Mylan Inc, et al.*,
C.A. No. 10-135 (RBK) (JS)

Your Honor:

This firm along with McGuireWoods LLP represents Mylan Inc. and Mylan Pharmaceuticals Inc. (collectively, "Mylan") in the above-referenced, consolidated actions. We write in response to Shionogi's letter dated July 27, 2012 (D.I. 518), in which Shionogi raises new arguments for its position that the REDACTED

At the recent discovery hearing, Shionogi did not challenge Mylan's assertion that the REDACTED Nor did Shionogi challenge Mylan's view of the law prior to the *In re MSTG* case—the *only* case—on which Shionogi relied in support of its position. Instead, Shionogi argued that *In re MSTG* broke new ground and resolved the issue before the Court. For the reasons discussed in Mylan's July 20, 2012, letter to the Court (D.I. 505), that clearly was not true. Recognizing this, Shionogi now raises an additional argument and cites new case law. We write only to address Shionogi's new argument that REDACTED We respectfully request that the Court consider this reply to allow Mylan to be heard on the new arguments Shionogi has raised.

Shionogi's new arguments are unfounded. First, Shionogi's position that REDACTED ignores the very documents—indeed, Shionogi's very own submissions—we highlighted for the Court in our July 5, 2012, letter (D.I.

The Honorable Joel Schneider
August 3, 2012
Page 2

Morris James LLP

493).[1]  Furthermore, as with the *In re MSTG* decision, the cases Shionogi now cites do not strengthen Shionogi's position.

A. **Shionogi's Own Statements Prove that** REDACTED



Shionogi's contention that REDACTED ignores the record that Shionogi itself helped create. Exhibit 4 to Mylan's July 5, 2012, letter (D.I. 493) is an exhibit Shionogi's own counsel submitted in support of its motion for a preliminary injunction (D.I. 245, 246 Ex. 6). REDACTED

---

[1] Record citations refer to Civil Action No. 9-37.

The Honorable Joel Schneider
August 3, 2012
Page 3

Morris James LLP

Therefore, Shionogi's argument that REDACTED is meritless. As the paragraph quoted above makes clear, REDACTED

## B.  The New Cases Cited by Shionogi Are Unavailing.

REDACTED The Federal Circuit's comment that the REDACTED sheds no light on the Federal Circuit's view on the correctness of considering REDACTED to establish royalties. *See id.* Rather, the Court's comment was made in the context of a scathing rebuke to the district court's approach to determining a reasonable royalty. In the very next sentence, the Federal Circuit reminded the district court that "this court has acknowledged that the hypothetical reasonable royalty calculation occurs ***before*** litigation and that litigation itself can skew the results of the hypothetical negotiation." *ResQNet.com*, 594 F.3d at 872 (citing *Hanson*) (emphasis added).

Indeed, the Federal Circuit in *In re MSTG, Inc.*, cited the *ResQNet.com* decision in support of its observation that REDACTED

REDACTED In that case, the Federal Circuit held REDACTED

The Honorable Joel Schneider
August 3, 2012
Page 4

Morris James LLP



Furthermore, the REDACTED court missed the point when it attempted to distinguish REDACTED on the basis that REDACTED an "established royalty" and not a "reasonable royalty." *Id.* It is the underlying principle expressed by the REDACTED —that is important: REDACTED

Therefore, REDACTED

C. REDACTED

D. **Conclusion**

Shionogi's arguments are without merit. Its conclusory assertions of relevance cannot overcome the weight of the law that counsels strongly against requiring production of REDACTED

We would be happy to answer any questions the Court may have. We appreciate the Court's consideration of this matter.

The Honorable Joel Schneider
August 3, 2012
Page 5

MorrisJames<sub>LLP</sub>

        Respectfully,

        */s/ Mary B. Matterer*

        Mary B. Matterer (#2696)
        *mmatterer@morrisjames.com*

cc: Counsel of record (via email and ecf)