IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SCIELE PHARMA, INC.,<br>ANDRX CORPORATION, ANDRX<br>PHARMACEUTICALS, INC. (N/K/A<br>WATSON LABORATORIES, INC.-<br>FLORIDA), ANDRX PHARMACEUTICALS,<br>L.L.C., ANDRX LABORATORIES (NJ),<br>INC., ANDRX EU LTD., AND ANDRX<br>LABS, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>LUPIN LTD., and<br>LUPIN PHARMACEUTICALS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 09-037 (RBK)(JS)<br>CONSOLIDATED |
| SHIONOGI PHARMA, INC.,<br>ANDRX CORPORATION, ANDRX<br>PHARMACEUTICALS, INC. (N/K/A<br>WATSON LABORATORIES, INC.-<br>FLORIDA), ANDRX PHARMACEUTICALS,<br>L.L.C., ANDRX LABORATORIES (NJ),<br>INC., ANDRX EU LTD., AND ANDRX<br>LABS, L.L.C.,<br><br>Plaintiffs,<br><br>v.<br><br>MYLAN, INC., and<br>MYLAN PHARMACEUTICALS INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 10-135 (RBK)(JS) |

**<u>SHIONOGI'S OBJECTIONS TO BILL OF COSTS</u>**

Pursuant to D. Del. LR 54.1(a)(3), Sciele Pharma, Inc., n/k/a Shionogi Pharma, Inc. ("Shionogi") objects to the Bill of Costs submitted by Defendants Lupin Ltd. and Lupin Pharmaceuticals, Inc. (collectively, "Lupin") on August 23, 2012.[1]  (D.I. 542.)

Lupin's Bill of Costs should be denied as premature.  There has been no final disposition of this matter and no "prevailing party."  Although the Federal Circuit vacated the grant of a preliminary injunction, the case is proceeding on its merits.

Even if the Court were to find Lupin is the "prevailing party," Lupin has not met its burden to specifically describe and document the costs it seeks, as the Local Rules require.  It also seeks reimbursement of costs not permitted by the Local Rules.

Accordingly, Lupin's Bill of Costs should be denied.

## I.      BACKGROUND AND PROCEDURAL HISTORY

Shionogi, along with Plaintiffs Andrx Corporation; Andrx Pharmaceuticals, Inc., n/k/a Watson Laboratories, Inc. – Florida; Andrx Pharmaceuticals L.L.C.; Andrx Laboratories (NJ), Inc.; Andrx EU Ltd.; and Andrx Labs, L.L.C. (collectively, "Andrx") (together, "Plaintiffs") brought this action against Lupin for infringement of U.S. Patent Nos. 6,099,859 ("the '859 patent") and 6,866,866 ("the '866 patent").  Lupin (together with Defendants Mylan, Inc. and Mylan Pharmaceuticals, Inc.) have counterclaimed, seeking, *inter alia,* a declaratory judgment of invalidity and non-infringement of the '859 and '866 patents, as well as U.S. Patent Nos. 6,495,162 ("the '162 patent") and 6,790,459 ("the '459 patent").

Relevant here, Shionogi moved for a preliminary injunction on October 12, 2011. (D.I. 205.)  On December 6, 2011, this Court granted Shionogi's motion.  (D.I. 280.)  Lupin

---

[1]      Shionogi conferred with Lupin before filing these objections and explained that Lupin's Bill of Costs was premature.  Lupin declined to withdraw its Bill of Costs, which necessitated these objections.

appealed, and on February 6, 2012, the Federal Circuit vacated the preliminary injunction and remanded the case for further factual findings. (*See* D.I. 316.)  Upon remand, on February 14, 2012, this Court again granted Shionogi's motion for a preliminary injunction. (D.I. 345.)  On July 2, 2012, the Federal Circuit vacated this Court's grant of the preliminary injunction and remanded the case for further proceedings. (*See* D.I. 490.)  The Federal Circuit issued its mandate on August 13, 2012. (D.I. 532.)

In the meantime, this case has been proceeding on the merits.  The Court recently entered a Stipulated Order extending the fact discovery deadline until November 16, 2012. (*See* D.I. 545.)  Expert discovery has not started and will not close until March 15, 2013; dispositive motions are due on April 15, 2013.  (*Id.* ¶¶ 2-3.)  No trial date has yet been set.

## II.     LUPIN'S BILL OF COSTS IS PREMATURE BECAUSE LUPIN IS NOT THE "PREVAILING PARTY" IN THIS CASE

Lupin's request for $13,670.80 in costs it allegedly incurred in defending against Shionogi's motion for a preliminary injunction should be denied as premature because there has been no final disposition of this case on its merits.  Therefore, Lupin is not a "prevailing party."

D. Del. LR 54.1 provides, under the heading "Judgments," that "the prevailing party shall be entitled to costs."  D. Del. LR 54.1(a)(1).  The "prevailing party" is singular; "***there can only be one prevailing party in a given case***."  *Shum v. Intel Corp*., 629 F.3d 1360, 1367 (Fed. Cir. 2010) (emphasis added); *see id.* ("[T]he plain language of Rule 54 unambiguously limits the number of prevailing parties in a given case to one because the operative term, 'prevailing party,' is singular."); *see also* Fed. R. Civ. P. 54(d)(1).

Prevailing party status is determined by "[l]ooking at [the] case as a whole."  *Philips Elecs. N.A. Corp. v. Contec Corp*., C.A. No. 02-123, 2004 WL 1622442, at *6 (D. Del. July 12, 2004).  "[The] prevailing party is the party which, although it might not sustain all of its

claims, receives a ***favorable judgment***." *Devex Corp. v. Gen. Motors Corp*., 494 F. Supp. 1369,

1390 (D. Del. 1980) (emphasis added).   For Lupin to be the "prevailing party," the judgment

must "materially alter the legal relationship between the parties by modifying one party's

behavior in a way that 'directly benefits' the opposing party." *Shum*, 629 F.3d at 1367 (quoting

*Farrar v. Hobby*, 506 U.S. 103, 112 (1992)).   D. Del. LR 54.1(c) further provides that a

defendant is the "prevailing party" only "upon a dismissal or summary judgment or other

termination of the case without judgment for the plaintiff on the merits."  D. Del. LR 54.1(c).

Here, there has been no judgment on the merits.  The legal relationship between

the parties has not been materially altered.  Plaintiffs' infringement allegations remain.  All that

has occurred is that Lupin is no longer enjoined from selling its product pending a disposition on

the merits of the action.  As the Supreme Court has held, a preliminary injunction is "only the

parties' opening engagement.  Its tentative character, in view of the continuation of the litigation

to definitively resolve the controversy" makes it premature to determine the "prevailing party."

*Sole v. Wyner*, 551 U.S. 74, 84 (2007); s*ee also N.A.A.C.P. v. N. Hudson Reg'l Fire & Rescue*,

665 F.3d 464, 486 n.12 (3d Cir. 2011) (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch.

Dist.*, 489 U.S. 782, 792–93 (1989)) (explaining that district court's vacating of preliminary

injunction was temporary victory and did not alter legal relationship of parties for grant of

attorney's fees); *Bethesda Softworks, L.L.C. v. Interplay Entm't Corp.*, C.A. No. 09-2357, 2010

WL 3781660 at *11 (D. Md. Sept. 23, 2010) ("Interplay is not a 'prevailing party' because the

legal relationship between the parties was not altered by the court's denial of Bethesda

Softworks's motion for a preliminary injunction.").

Vacating this Court's preliminary injunction did not alter the parties' legal

relationship.  Therefore, Lupin is not the "prevailing party" in this case.  *See Singer Mgmt.

*Consultants, Inc. v. Milgram*, 650 F.3d 223, 229 (3d Cir. 2011) ("As this 'probability' ruling is usually the only merits-related legal determination made when courts grant TROs and preliminary injunctions, it follows that parties will not often 'prevail' based solely on those events."); *cf. Gurley v. Peake*, 528 F.3d 1322, 1326 (Fed. Cir. 2008) ("The Supreme Court has been clear that remands by the courts of appeals to district courts for further proceedings do not constitute relief on the merits or confer prevailing party status on the successful party.").

Finally, the Bill of Costs should be denied to avoid a multiplicity of requests for costs, which would disrupt and burden the Court.  *See League of Women Voters of Fla. v. Browning*, C.A. No. 06-21265, 2008 WL 5733166, at *3 (S.D. Fla. Dec. 4, 2008), *report and recommendation adopted as modified on other grounds*, 2009 WL 701107 (S.D. Fla. Mar. 16, 2009) ("Under the defendants' reasoning, a request for interim attorney's fees would effectively become mandatory following the issuance of every appealable order wherein attorney's fees are recoverable.").

As a result, Lupin's Bill of Costs should be denied as premature.

### III.   LUPIN HAS NOT ESTABLISHED ITS ENTITLEMENT TO COSTS UNDER THIS COURT'S LOCAL RULES

Even if Lupin were considered the "prevailing party," Lupin has not established its entitlement to most of the costs that it seeks.  Lupin seeks $13,670.80 for its alleged costs in four categories:  (1) transcript fees ($778.15); (2) printing ($304.12); (3) copies of papers and exemplifications ($11,678.53); and (4) other costs ($910.00).  (D.I. 542.)  Lupin bears the burden of demonstrating with specificity that each item of taxable costs it seeks is allowable and was actually and necessarily incurred in the litigation.  *See* D. Del. LR 54.1(a)(2) ("The bill of costs shall clearly describe each item of cost and comply with the provisions of 28 U.S.C. § 1924."); 28 U.S.C. § 1924 (2006) (requiring that party claiming any item of cost demonstrate that "such

item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed").  Rather than complying with these provisions, however, all Lupin provides is a single page Bill of Costs that lists the costs it seeks and a sparse and conclusory affidavit alleging their necessity.  That is insufficient.  *See Honeywell Int'l, Inc. v. Hamilton Sundstrand Corp.*, C.A. No. 99-309, 2009 WL 3153496, at *4 (D. Del. Sept. 30, 3009) ("The court will not blindly grant a request for over $173,000 in costs when those costs are described in only the most general and cursory of terms in the Bill of Costs and are supported by documentation that draws little or no distinction between exhibits used at trial and requested by the court (which are potentially taxable), and non-taxable costs such as consultation fees, documents and aids prepared for counsel's own use, and costs relating to exhibits that serve a primarily adversarial function.").

### A.    Transcript Costs

Lupin's transcript costs are not taxable under this Court's Local Rules.  Under D. Del. LR 54.1(b)(2) (emphasis added):

> The costs of the originals of a trial transcript, a daily transcript and of a transcript of matters prior or subsequent to trial, furnished to the Court, are taxable ***when requested by the Court or prepared pursuant to stipulation.***  Mere acceptance by the Court does not constitute a request.  Copies of transcripts for counsel's own use are not taxable.

Lupin does not establish that the transcripts were either requested by the Court or prepared pursuant to a stipulation.  All the affidavit states is that the transcript costs were from hearings related to Shionogi's motion for a preliminary injunction.  (*See* D.I. 543 ¶ 3.)

### B.    Printing Costs

Lupin has not established its entitlement to printing costs.  All Lupin alleges is that it incurred $304.12 in printing its own answering brief in opposition to Shionogi's motion

for a preliminary injunction, "done at the request of Defendants'-Appellants' then counsel Schiff

Hardin LLP." (D.I. 543 ¶ 4.) The attached invoice, however, also references "binding" costs.

(*Id.*, Ex. B.) Lupin fails to explain how these costs were necessarily incurred (or why it sent its

brief to an outside vendor for printing).

### C.   Copying and Exemplification Costs

Lupin also has not established its entitlement to copying and exemplification

costs. D. Del. LR 54.1(b)(5) permits recovery only for: (1) "[t]he cost of copies of an ***exhibit***

***necessarily attached*** to a document required to be filed and served;" and (2) the "cost of one

copy of a document . . . when ***admitted into evidence***." D. Del. LR 54.1(b)(5) (emphasis added).

"The cost of copies obtained for counsel's own use is not taxable." *Id.* Lupin makes no attempt

to "clearly describe" which, if any, documents were attached to any filing with the Court, or

admitted into evidence. *See* D. Del. LR 54.1(a)(2), (b)(5). [2]

Moreover, the majority of Lupin's copying and exemplification costs are for

"graphic development" and "design consultant." (*See* D.I. 543, Ex. C.) Those costs are not

taxable. In *Honeywell*, the court provided the following three-part test to determine whether

exemplification costs are recoverable:

> Costs for exemplifications of exhibits will be granted only if the
> parties show that the requested costs 1) were necessarily sustained
> in connection with exhibits that were admitted into evidence or
> *explicitly and specifically* were requested by the court . . . ; 2) were
> for exhibits or documents prepared primarily in order to aid the
> finder of fact's understanding of the issues in the case, and were
> not essentially explanatory or argumentative, serving merely as an
> aid to the argument of counsel and the explanation of expert

---

[2] Even assuming Lupin had met its burden, which it has not, Lupin may only recover the
costs for copying "one copy of a document." D. Del. LR 54.1(b)(5). Lupin seeks its
costs for thirteen exemplification copies, only two of which it submitted to the Court.
(D.I. 543 ¶ 5.)

witnesses, . . . ; and 3) *were for the actual presentation of the exhibits and documents, and not for the intellectual effort involved in their production.*

*Honeywell*, 2009 WL 3153496, at *5 (citations and internal quotation marks omitted) (emphasis added).   At best, Lupin's costs for "graphic development" and "design consultant" are the "intellectual effort" incurred in producing the exemplifications and are not taxable.  *See id.* at *4-5 (holding that costs for graphic design and creation of computer animation are not taxable); *see also Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1377 n.5 (Fed. Cir. 2006) ("The bulk of FTI's invoices show hourly consulting fees, with tasks ranging from 'animation' to 'client planning meetings.'  Mr. Siegel acknowledged that he and Nidek's experts worked closely with FTI in developing the exhibits.  That sort of work amounts to trial preparation and strategizing, and is not akin to the cost of photocopying a piece of paper, a cost that section 1920 explicitly contemplates.").

\* \* \* \* \*

Because Lupin's Bill of Costs is premature and because Lupin has not established its entitlement to costs, the Court should deny Lupin's Bill of Costs for $13,670.80 in its entirety.[3]

IV.     **CONCLUSION**

For the reasons set forth above, Lupin's Bill of Costs should be denied.

---

[3]     Should the Court find Lupin's Bill of Costs is ripe, Shionogi does not contest Lupin's request for filing fees (stated as "other costs") of $910.00 in the Federal Circuit.

Morris, Nichols, Arsht & Tunnell LLP

*/s/ Jennifer Ying*

_____

Jack B. Blumenfeld (#1014)
Karen Jacobs Louden (#2881)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
klouden@mnat.com
jying@mnat.com

*Attorneys for Plaintiff Sciele*

OF COUNSEL:

David A. Manspeizer
David B. Bassett
Christopher R. Noyes
Peter Shen
Wilmer Cutler Pickering Hale and Dorr
LLP
399 Park Avenue
New York, NY  10022
(212) 230-8800

Liza M. Walsh
Rukhsanah Lighari
Patrick J. Murphy
Connell Foley LLP
85 Livingston Avenue
Roseland, NJ  07068
(201) 521-1000

September 10, 2012
6349994

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 10, 2012, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following all registered participants.

I also certify that copies were caused to be served on September 10, 2012, upon the following in the manner indicated:

Richard D. Kirk, Esquire                                   *VIA ELECTRONIC MAIL*
Stephen B. Brauerman, Esquire
BAYARD, P.A.
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Douglass C. Hochstetler, Esquire                          *VIA ELECTRONIC MAIL*
KELLEY DRYE & WARREN LLP
333 West Wacker Drive, 26th Floor
Chicago, IL  60606
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Beth D. Jacob, Esquire                                    *VIA ELECTRONIC MAIL*
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY  10178
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Karen A. Confoy, Esquire                                  *VIA ELECTRONIC MAIL*
Erica A. Helms, Esquire
STERNS & WEINROTH PC
50 West State Street, Suite 1400
Trenton, NJ  08607
*Attorneys for Lupin Ltd. and Lupin*
*Pharmaceuticals, Inc.*

Richard Herrmann, Esquire                          *VIA ELECTRONIC MAIL*
Mary B. Matterer, Esquire
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE  19801
*Attorneys for Mylan Inc. and Mylan*
*Pharmaceuticals Inc.*

Timothy H. Kratz, Esquire                          *VIA ELECTRONIC MAIL*
Robert L. Florence, Esquire
George J. Barry III, Esquire
MCGUIRE WOODS LLP
1230 Peachtree Street, N.E., Suite 2100
Atlanta, GA  30309
*Attorneys for Mylan Inc. and Mylan*
*Pharmaceuticals Inc.*

Karen L. Carroll, Esquire                          *VIA ELECTRONIC MAIL*
MCGUIRE WOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, IL  60601-1818
*Attorneys for Mylan Inc. and Mylan*
*Pharmaceuticals Inc.*

Frederick L. Cottrell, III, Esquire                *VIA ELECTRONIC MAIL*
Steven J. Fineman, Esquire
RICHARDS, LAYTON & FINGER P.A.
One Rodney Square
Wilmington. DE 19801
*Attorneys for Andrx Corporation, Andrx*
*Pharmaceuticals, Inc. (n/k/a Watson*
*Laboratories, Inc.-florida), Andrx*
*Pharmaceuticals, L.L.C., Andrx Laboratories*
*(NJ), Inc., Andrx EU Ltd. and Andrx Labs,*
*L.L.C.*

Gary E. Hood, Esquire                                    *VIA ELECTRONIC MAIL*
POLSINELLI SHUGHART PC
161 North Clark Street, Suite 4200
Chicago, IL  60601-3316
*Attorneys for Andrx Corporation, Andrx*
*Pharmaceuticals, Inc. (n/k/a Watson*
*Laboratories, Inc.-florida), Andrx*
*Pharmaceuticals, L.L.C., Andrx Laboratories*
*(NJ), Inc., Andrx EU Ltd. and Andrx Labs,*
*L.L.C.*

Robyn H. Ast, Esquire                                    *VIA ELECTRONIC MAIL*
POLSINELLI SHUGHART PC
100 South Fourth Street, Suite 1000
St. Louis, MO  63102
*Attorneys for Andrx Corporation, Andrx*
*Pharmaceuticals, Inc. (n/k/a Watson*
*Laboratories, Inc.-florida), Andrx*
*Pharmaceuticals, L.L.C., Andrx Laboratories*
*(NJ), Inc., Andrx EU Ltd. and Andrx Labs,*
*L.L.C.*

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)